### LANCASHIRE SHIPPING CO., Limited, v. ELTING, Collector of Customs.

District Court, S. D. New York.

Jan. 8, 1934.

Hunt, Hill & Betts, of New York City (John W. Crandall, of New York City, of counsel), for plaintiff.

Thomas E. Dewey, of New York City (George B. Schoonmaker, U. S. Atty., of New York City, of counsel), for defendant.

FRANK J. COLEMAN, District Judge.

The fines sought to be recovered were imposed by the Secretary of Labor under section 20 of the Immigration Act of 1924 (8 USCA § 167) which makes an owner, agent, or master of a vessel liable to a fine of $1,000 for failure to detain on board any alien seaman as to whom a due order of detention has been served. The imposition of a fine is an administrative act to be performed by the Secretary of Labor who must have sufficient evidence, not only of the escape of the seamen, but also that the party fined had been directed to detain him on board and had been given an opportunity to oppose the fine.

In the present case it is undisputed that two of the five seamen for whom fines were paid under protest had actually escaped. As to the other three, the Secretary of Labor had ample evidence to require a finding by him that they had escaped. The records before the Secretary of Labor showed that three seamen answering to the names of the three who had been ordered detained were arrested on board by the immigration authorities and

charged with impersonating the three who had been ordered detained, that they not only admitted the impersonation, but pleaded guilty to an indictment based upon it (for which they were sentenced to imprisonment for as long as six months). There was no substantial evidence before the Secretary to rebut these facts, and he was amply justified in finding that the three seamen so arrested were not the three who had been ordered detained. Seven months after the payment of the fines he was requested to reopen the matter on the ground of newly discovered evidence, though the evidence was not disclosed to him in that application; he refused, and I believe was entirely justified in his refusal.

█ As to the due service of the direction to detain and of the notice of the pendency of the fine proceeding before the Secretary of Labor, it appears that the ship's agent at this port was the Barber Steamship Lines, Inc., to which was addressed the notice of the pendency of the fine proceeding before the Secretary of Labor. This notice was served on the agent, and it not only filed its protest but after the Secretary's decision paid the fines with its own check. If the agent had been directed to detain the seamen, the fines were properly imposed under the provisions of the statute.

. The protest affirmatively alleged that the detention order had been served on the agent and on the master of the vessel, and there was no intimation to the contrary until two years after the payment of the fines, when, at the trial of the present action, it is urged that the detention order was only served on the master. In view of the agent's express admission that the order had been served on it, the Secretary of Labor was right in imposing the fines. Even if the order was physically delivered only to the master, the agent's subsequent conduct was a ratification of his authority to accept it on behalf of the agent, and the latter is estopped to deny its own allegation upon which the Secretary of Labor acted. It is undisputed that the agent was apprised of the order at the time of its service, and, if it saw fit to treat the master as its representative in the matter, it cannot now complain. Indeed, it was the agent that employed the watchmen to detain the seamen pursuant to the order.

█ The present action is not brought by the agent, but by the owner of the vessel, on the theory that the fines were ultimately paid by it. But the fact is they were paid by the check of the agent which was the party properly fined, and a subsequent reimbursement of the agent does not deprive the government of its rights. .

There are suggestions of various other points which seem to me too specious to justify discussion. Counsel for the plaintiff (who were also counsel for the agent before the Secretary of Labor) are mistaken in their apparent view that, because the subject-matter of the action is a fine, the court will cast aside all common sense and seize upon any argument, however trivial, in a determined effort to defeat the plain purpose of the statute. The fines were imposed for a delinquency which had the serious result of admitting five Chinese into the country, and the parties responsible not only had reasonable notice of their obligation but had ample opportunity to contest the fines before the Secretary of Labor. It seems to me little short of preposterous for counsel to ask the court to adopt adroitly shallow reasoning in order to avoid so just a result.

Verdict directed for defendant. Settle order on notice.