DURNING, Collector of Customs, v. McDONNELL et al.

No. 54.

Circuit Court of Appeals, Second Circuit.

Nov. 2, 1936.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Delbert M. Tibbetts, of New York City, of counsel), for appellants.

Lamar Hardy, U. S. Atty., of New York City (George B. Schoonmaker, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

This action is upon a bond executed in 1924 by McDonnell and Truda, as principals, and American Surety Company, as surety. The principals were acting as general agents for Transatlantica Italiana, a steamship company whose vessels plied between European ports and the port of New York, and the bond was given for the purpose of obtaining clearance of its vessels, which might otherwise be held at the port of New York to await the determination of liability for fines and penalties which might thereafter be asserted against said general agents or the vessels under certain sections of the Immigration Act of 1924. The bond was conditioned upon payment to the collector of customs of "all fines and penalties imposed against any vessel * * * by reason of the violation of any of the provisions of sections 16, 19, 20 and 26" of said Act (8 U.S.C.A. §§ 216, 166 and notes, 167, 145) "for the payment of which the said McDonnell & Truda, General Agents for the Transatlantic Italiana or any such vessel shall be determined to be liable." A breach of the condition was alleged in the complaint, and was found by the district court to have occurred, by reason of the failure of the defendants to pay fines imposed by the Secretary of Labor under said section 26 (8 U.S.C.A. § 145) against said general agents with respect to three inadmissible aliens who were brought to the port of New York during 1927 upon a vessel of the above-mentioned steamship company. The fines in question were imposed early in 1928, and this action was not brought until more than five years thereafter.

Because of this delay the defendants contend that the suit is barred by the statute of limitations, and this presents the main question raised by the appeal. The statute relied upon (28 U.S.C.A. § 791) forbids prosecution of a suit for any penalty or forfeiture unless the same is commenced within five years from the time when the penalty or forfeiture accrued, provided the person liable shall have been subject to process during that period. McDonnell and Truda were subject to process during all of the five year period. If this were an action upon the statutory liability of the general agents, the statute would be a bar. But it is not. It is an action upon the defendants' promise to pay penalties for which the agents "shall be determined to be liable." No statute of limitations has run against this promise. See Raymond v. United States, Fed.Cas.No. 11,596 (C.C.S. D.N.Y.); United States v. U.S. Fidelity & Guaranty Co., 221 F. 27 (C.C.A.4); United States v. Springer & Lotz, 69 F.(2d) 819, 820 (C.C.A.2); United States v. John Barth Co., 279 U.S. 370, 49 S.Ct. 366, 73 L.Ed. 743. The appellants take the position that the phrase above quoted refers to a determination of liability by a court and that such a determination cannot be made by any court after the expiration of five years after the Secretary's action. We

cannot agree. When the Secretary of Labor imposed the fine, he determined liability of the agents within the meaning of the bond. National Surety Co. v. Holtzman, 43 F.(2d) 544, 546 (C.C.A.4). It is true that the correctness of his determination is subject to judicial review in an action upon the bond, for "the bond secured only valid fines, and if there were none, it was not forfeited." United States v. Columbus Marine Corporation, 62 F.(2d) 795, 796 (C.C.A.2). But determination whether the fine was validly imposed by the Secretary is not within the prohibition of section 791 unless the suit itself is upon the statutory liability.

The appellants rely upon our decision in United States v. Springer & Lotz, 69 F.(2d) 819. We did not there hold that section 791 applied to an action on the bond; in fact, we said it did not. We held that though the action was brought in time, it failed on the merits because the penalties must themselves be "payable" to be within the coverage of the bond. If that holding were still good law, the appellants should prevail, but it can no longer be sustained in view of the Supreme Court's ruling in United States v. Mack, 295 U.S. 480, 55 S.Ct. 813, 79 L.Ed. 1559. Our conclusion is that section 791 affords no defense to the action.

The remaining contentions of the appellants require little discussion. It is urged that no breach of the bond was alleged and proved because no penalties were imposed "against any vessel" but only against the agents. Such a construction would make meaningless the reference to fines to be imposed for a violation of section 26. Fines under the specified sections, for the payment of which clearance of the vessels could be withheld, were plainly intended to be within the coverage of the bond and the words used are a sufficient expression of that intent. See National Surety Co. v. Holtzman, 43 F.(2d) 544 (C.C.A.4).

In respect to the alien excluded on the ground that he was afflicted with a physical defect which might affect his ability to earn a living, it is contended that the fine was unlawfully imposed because the Secretary did not submit to the examining physicians at the port of arrival the medical testimony and the consul's letter contained in the carrier's protest. The rule in Fusco's case is relied on (Lloyd Sabaudo Societa Anonima Per Azioni v. Elting, 287 U.S. 329, 53

S.Ct. 167, 77 L.Ed. 341). We do not think it applicable. The medical diagnosis abroad was not substantially different from that of the local physicians. The physical defect was patent and known to the carrier when the alien embarked. With all the evidence before him it was for the Secretary to decide how much the defect would affect the alien's earning capacity. Cf. Swedish-American Line v. United States (April 6, 1936, Ct.Cl.).

Judgment affirmed.