## LANCASHIRE SHIPPING CO., Ltd., v. DURNING, Collector of Customs. *

### No. 351.

Circuit Court of Appeals, Second Circuit.

Aug. 1, 1938.

Hunt, Hill & Betts, of New York City (John W. Crandall and Helen F. Tuohy, both of New York City, of counsel), for appellant.

Lamar Hardy, U. S. Atty., of New York City (George B. Schoonmaker, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

Originally it was thought that the decision in Compagnie Generale Transatlantique v. Elting, 298 U.S. 217, 56 S.Ct. 770, 80 L.Ed. 1151, controlled the disposition of this appeal and the judgment was reversed without opinion, 96 F.2d 1018, on the authority of that case. On petition for rehearing, however, it has been made clear that a valid fine was imposed and so further consideration of the questions presented is necessary.

On January 26, 1931, the plaintiff's ship Raby Castle entered the port of New York

*Writ of certiorari denied 59 S.Ct. 102, 83 L.Ed. —.

with a Chinese crew. An immigration officer duly notified the master, John J. Knight, to detain on board twenty-eight of the members of the crew and to deport them. The master failed to detain five of such members who escaped from the ship. The defendant's New York agent was given notice of liability for fine for failure to detain under Sections 19 and 20 of the Immigration Act of 1924, 8 U.S.C.A. §§ 166 and 167. A fine was thereafter imposed and paid under protest. Suit was then brought for its recovery in the District Court and judgment for the defendant was entered on a directed verdict. Lancashire Shipping Co., Ltd., v. Elting, 5 F.Supp. 654. We reversed. Lancashire Shipping Co., Ltd., v. Elting, 2 Cir., 70 F.2d 699. A judgment for the plaintiff was then entered and satisfied.

Subsequently the same master, John J. Knight, entered the port of New York as master of plaintiff's motor vessel Muncaster Castle and on November 27, 1935, was served with a notice of fine for failure to detain after notice so to do the alien seamen who escaped in 1931 from the Raby Castle. During the next month the Raby Castle arrived at New York with another master in command. When she was ready to leave on January 3, 1936, clearance was denied. Thereupon, the plaintiff in order to secure clearance for the ship deposited $5,000 with the defendant, the Collector of Customs for the Port of New York. Later the imposition of a fine was contested before the Secretary of Labor in behalf of Captain Knight but without avail as a fine of $5,000 was imposed upon him on October 9, 1936. The clearance deposit the plaintiff made as above noted was covered into the United States Treasury in satisfaction of the fine and then this suit was brought. A motion by the defendant to dismiss the complaint having been denied, both parties moved for a summary judgment in accordance with Rule 113 of the New York Civil Practice Rules. The motion of the plaintiff was denied; that of the defendant granted; and judgment was entered accordingly.

It may be noticed at once that no valid fine was ever imposed upon the plaintiff. It was not personally liable for Captain Knight's fine nor was there any lien upon the Raby Castle to secure its payment. Had that ship not sought clearance, presumably the government would have had to collect, if at all, only from Captain Knight. But when clearance for the Raby Castle was desired the further provisions of Sec. 20 of the Immigration Act of 1924, 8 U.S.C.A. § 167, under which the fine was imposed were revoked. They are as follows: "No vessel shall be granted clearance pending the determination of the liability to the payment of such fine, or while the fine remains unpaid, except that clearance may be granted prior to the determination of such question upon the deposit of a sum sufficient to cover such fine, or of a bond with sufficient surety to secure the payment thereof approved by the collector of customs."

When the deposit was made to obtain clearance for the ship there was pending the determination of the liability for the payment of a fine because of the failure of her captain to detain on that ship, after due notice so to do, the seamen who escaped on a previous voyage. The exaction of the deposit as a condition upon clearance was within the statutory provisions which created a new remedy. United States v. J. H. Winchester & Co., 2 Cir., 40 F.2d 472. The plaintiff, faced with the necessity for decision whether to get clearance for the ship by providing security for the payment of any valid fine that might be imposed because of the failure to detain the seamen or to do without clearance, provided the security for the payment of the fine. Having obtained the clearance desired by making the deposit, the plaintiff cannot successfully urge that its rights under the Fifth Amendment, U.S.C.A. Const. Amend. 5, have been violated by subjecting its ship to liability for the payment of a fine imposed upon the master. All that was done here was to exact compliance with a statute requiring the refusal of clearance except upon certain conditions. The power of Congress to control the manner and terms upon which clearance shall be granted or withheld is plain enough. Oceanic Steam Navigation Co. Ltd., Stranahan, 214 U.S. 320, 29 S.Ct. 671, 53 L.Ed. 1013; Patterson v. Bark Eudora, 190 U.S. 169, 23 S.Ct. 821, 47 L. Ed. 1002.

It is said that the fine imposed was invalid for the reason that it was barred by the statute of limitations. 28 U.S.C.A. § 791. This statute provides in the now

material part that a suit or prosecution for any penalty or forfeiture accruing un-, der the laws of the United States shall not be maintained unless commenced within five years from the time the penalty or forfeiture accrued, provided the person or property of the offender shall be found within the same period within this country. The penalty accrued on March 12, 1931, and more than five years later, on October 9, 1936, the fine was imposed. But within the five year period, on November 27, 1935, the notice of liability was served on Captain Knight. So if the administrative action resulting in the imposition of a fine was such a suit or proceeding as the statute covers, it was commenced within the five year period and the statute does not apply. If it were not such a suit or prosecution the statute has no application anyway. In either event the imposition of the fine was not barred.

The previous decision on the appeal is vacated and the judgment of the District Court is affirmed.