882

UNITED STATES of America,
Plaintiff,

v.

Raymond John WILSON, Laurent C.
Honnonquist and Edward I. Brown,
Defendants.

Civ. No. 34378.

United States District Court
N. D. California, S. D.

Aug. 3, 1955.

Lloyd H. Burke, San Francisco, Cal.,
for the United States.

Walter H. Medek, San Francisco, Cal.,
for Raymond John Wilson.

EDWARD F. MURPHY, District
Judge.

This is a motion for summary judgment made by defendant Wilson in this action. The action is a suit by the United States Government, consisting of two claims, one under the Surplus Property Act of 1944, now 40 U.S.C.A. § 489, the other under the common law of fraud. The complaint was filed on December 31, 1954.

■■ With respect to the common law claim for conspiracy to defraud and obtaining property by fraud, the defendant Wilson, moving party here, asserts only that it fails to state a claim for which relief can be granted, and for the rest seems to rely on the statute of limitations which is applicable to the government's claim under the statute. It is clear, however, that the government's common law remedies to recover payments induced by fraud are not limited by the statutes of limitation which apply to a statutory remedy to recover for the same fraud. United States v. Borin, 5 Cir., 1954, 209 F.2d 145. So far as the common law claim is concerned, therefore, it must be tested by the sufficiency of the allegations in the complaint and nothing more. The complaint alleges that defendants, by means of a conspiracy, and a number of specific fraudulent statements set forth in detail and identified as to time and place, obtained certain property of the plaintiff at less than the market value of such property, to the damage to the plaintiff in the sum of $319,939.20. The complaint alleges false and fraudulent statements made for the purpose of inducing reliance thereon, and in fact relied upon by the plaintiff, as the means by which defendants were able to obtain the property in question. The complaint is carefully drawn, replete with detail, and obviously states a good cause of action under the common law.

With respect to the statutory claim, the defendant argues that it is barred by the applicable statute of limitations, for a number of reasons.

Section 489 of Title 40 U.S.C.A., so far as relevant here, provides:

"(b) Every person who shall use or engage in, or cause to be used or engaged in, or enter into an agreement, combination, or conspiracy to use or engage in or to cause to be used or engaged in, any fraudulent trick, scheme, or device, for the purpose of securing or obtaining, or aiding to secure or obtain, for any person any payment, property, or

other benefits from the United States or any Federal agency in connection with the procurement, transfer, or disposition of property under this chapter, chapter 11B of Title 5, chapter 4 of Title 41, and chapter 11 of Title 44—

"(1) shall pay to the United States the sum of $2,000 for each such act, and double the amount of any damage which the United States may have sustained by reason thereof, together with the cost of suit; or

"(2) shall, if the United States shall so elect, pay to the United States, as liquidated damages, a sum equal to twice the consideration agreed to be given by the United States or any Federal agency to such person or by such person to the United States or any Federal agency, as the case may be; or * * *."

Defendant Wilson contends that the remedy under section 489 is essentially penal in nature, and is therefore governed by the five year statute of limitations provided for "an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise * * * except as otherwise provided by the Act of Congress * * *." 28 U.S.C. § 2462.

Defendant's argument that an action under 40 U.S.C.A. § 489 is penal in nature receives support from United States v. Witherspoon, 6 Cir., 1954, 211 F.2d 858, but is rejected in United States v. Weaver, 5 Cir., 1953, 207 F.2d 796 and in United States v. Rex Trailer Co., 7 Cir., 1955, 218 F.2d 880. It is unnecessary for this Court to decide which of the conflicting decisions on the nature of the action under 40 U.S.C.A. § 489 to follow, since even when defendant's view is adopted, his motion must fail.

■ Defendant argues that since the complaint discloses that the last fraudulent act complained of took place on November 21, 1946, the five year statute of limitations, 28 U.S.C. § 2462, should bar the claim. However, 18 U.S.C. §

3287, commonly known as the Wartime Suspension Act, so far as relevant, reads as follows:

"When the United States is at war the running of any statute of limitations applicable to any offense (1) involving fraud or attempted fraud against the United States or any agency thereof in any manner, whether by conspiracy or not, or (2) committed in connection with the acquisition, care, handling, custody, control or disposition of any real or personal property of the United States, or (3) * * * shall be suspended until three years after the termination of hostilities as proclaimed by the President or by a concurrent resolution of Congress."

The acts complained of fall clearly within clause (2) of section 3287, Title 18 U.S.C. Defendant's argument that clause (1) cannot apply because no pecuniary loss on the part of the government is alleged in the complaint is irrelevant, since clause (2) clearly covers the fact situation here alleged.

Defendant further argues that even if the Wartime Suspension Act were applicable, that Act has been construed to bar all claims not made before the expiration of three years from the date of the proclamation terminating hostilities, which proclamation was made by President Truman on December 31, 1946. 50 U.S.C.A.Appendix, p. xxii, Proclamation No. 2714, 12 FR. 1. This argument was refuted by the Supreme Court of the United States in United States v. Grainger, 1952, 346 U.S. 235, 247, 73 S.Ct. 1069, 97 L.Ed. 1575.

Defendant's last argument is that even if the five year statute of limitations provided by 28 U.S.C. § 2462 began to run three years after the proclamation terminating hostilities, which is the manifest holding of the Grainger case, supra, it should be construed to run as of the effective time of the presidential proclamation, which was 12 o'clock noon, Washington time, and to run out precisely eight years later, at 12 o'clock noon, December 31, 1954. Defendant points to the fact that the government's complaint was filed on December 31, 1954, and, according to defendant's affidavit, the government's complaint was filed at 11 o'clock a. m., California time, which would be 2 o'clock p. m., Washington time, or two hours too late, according to defendant's reasoning.

This argument is faulty. The presidential proclamation reads as follows:

"Now, therefore, I, Harry S. Truman, President of the United States of America, do hereby proclaim the cessation of hostilities of World War II, effective twelve o'clock noon, December 31, 1946." 50 U.S.C.A.Appendix, p. xxii.

(We can assume that the President was referring to twelve o'clock noon Washington time without changing the outcome of this case.)

■ The Wartime Suspension Act provides that the applicable statute of limitations shall be suspended "until three years after the termination of hostilities as proclaimed by the President * * *." 18 U.S.C. § 3287. Therefore, the five year statute of limitations here asserted as a bar did not begin to run until three years after December 31, 1946. Defendant argues that the precise time of the effectiveness of the presidential proclamation should be extended to the date of expiration of the three year suspension of the statute of limitations, and then again to the date of expiration of the statute of limitations itself. But this ignores the manifest intent of Rule 6(a) of the F.R.C.P. That Rule reads:

"In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. * * *"

The day of the act or event after which the five year statute of limitations began to run in this case was December 31, 1949. That day was established by the Wartime Suspension Act as the day

after which the applicable statute of limitations began to run. Even if the Wartime Suspensions Act could be read, as seems highly unlikely, to suspend the statute of limitations only from 12 o'clock noon, December 31, 1946 until 12 o'clock noon, December 31, 1949, Rule 6(a) would apply, for that Rule focuses not upon the hour after which the designated period of limitations begins to run, but upon the day. Accord, United States v. Grainger, 1952, 346 U.S. 235, 246, 73 S.Ct. 1069, 97 L.Ed. 1575. The government's complaint was timely, therefore. The motion for summary judgment is denied.