**UNITED STATES DEPARTMENT OF LABOR, Plaintiff-Appellant,**

v.

**OLD BEN COAL COMPANY, Defendant-Appellee.**

**No. 81–1561.**

United States Court of Appeals, Seventh Circuit.

Argued Jan. 13, 1982.

Decided April 15, 1982.

Rehearing and Rehearing En Banc Denied Sept. 8, 1982.

Ann. S. Rosenthal, U. S. Dept. of Labor, Arlington, Va., for plaintiff-appellant.

Robert J. Araujo, Chicago, Ill., for defendant-appellee.

Before SWYGERT, Senior Circuit Judge, PECK, Senior Circuit Judge,* and ESCH-BACH, Circuit Judge.

SWYGERT, Senior Circuit Judge.

In August 1974 the Mining Enforcement and Safety Administration, the enforcement branch of the Secretary of the Interior, alleged that Old Ben Coal Company (hereinafter "Old Ben") had committed numerous violations of the Federal Coal Mine Health and Safety Act of 1969 (hereinafter "Coal Act"), 30 U.S.C. §§ 801 *et seq.* (1976 ed). After a hearing the administrative law judge issued a decision on June 23, 1975 that assessed Old Ben civil penalties of $4200 for sixteen violations of the Coal Act. The fines were to be paid within thirty days. Old Ben neither appealed the decision nor paid the penalties. The order became final on July 23, 1975.

A 1977 amendment to the Coal Act transferred enforcement authority from the Department of Interior to the Department of Labor. Pub.L. 95–164, 91 Stat. 1290. On July 18, 1980 the Secretary of Labor filed in the district court a petition for enforcement of the July 23, 1975 order pursuant to 30 U.S.C. § 819(a)(4).[1] Old Ben countered that the five-year statute of limitations, codified at 28 U.S.C. § 2462,[2] barred the action and moved for summary judgment.

The district court granted Old Ben's motion. It held that the five-year statute of limitations applied to the district court action and began to run when the violation giving rise to the penalty occurred. Because the violations occurred in 1973 and the district court action was not filed until 1980, it barred the action.

## I

The crucial questions are whether the statute of limitations at 28 U.S.C. § 2462 applies to a district court proceeding filed pursuant to 30 U.S.C. § 819(a)(4) and, if it does, when does the limitations period begin to run. The district court held that 28 U.S.C. § 2462 does apply to the section 819(a)(4) proceeding and begins to run when the violation that gave rise to the assessed penalty occurred. Old Ben supports this holding by arguing that the district court action under 30 U.S.C. § 819(a)(4) is a completely new proceeding—unrelated to the administrative one—to determine the validity of both the underlying citation as well as the assessed penalties. Because the district court action is *de novo* as to the validity of the violation, it argues, the relevant time period for the statute of limitations is from the date of the notice of the violation to the date the district court action is filed.[3]

■ We do not accept Old Ben's argument. We believe that the amount of the penalty is the only matter properly at issue in the district court proceeding. *Andrus v. Double "Q", Inc.,* 466 F.Supp. 8, 11 (E.D. Tenn.1977), *aff'd,* 617 F.2d 602 (6th Cir.), *cert. denied,* 449 U.S. 952, 101 S.Ct. 355, 66 L.Ed.2d 215 (1980). *Contra, United States v. Fowler,* 646 F.2d 859, 862 (4th Cir. 1981). As the *Andrus* court notes, there is a presumption against *de novo* review of administrative proceedings. Moreover, while the statutory scheme in the Coal Act is not a model of clarity, it is clear that a complete

---

\* The Honorable John W. Peck, United States Senior Circuit Judge for the Sixth Circuit, is sitting by designation.

1. 30 U.S.C. § 819(a)(4) reads in pertinent part:

   If the person against whom a civil penalty is assessed fails to pay the penalty within the time prescribed in such order, the Secretary shall file a petition for enforcement of such order in any appropriate district court of the United States.

2. 28 U.S.C. § 2462 reads:

   *Time for commencing proceedings*

   Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued if, within the same period, the offender or the property is found within the United States in order that proper service may be made thereon.

3. Old Ben differs from the trial court as to when the limitations period begins to run. Whether one accepts the district court's or Old Ben's view, our opinion remains unchanged.

disregard of the entire administrative record would frustrate the Coal Act's administrative scheme. Under Old Ben's interpretation the administrative proceeding would be superfluous. We do not believe that Congress intended this result, and the language of the Coal Act does not require it.

The district court should review the administrative proceeding to enforce, modify, or deny the order. The action is akin to a collection proceeding. For this reason, the statute of limitations at 28 U.S.C. § 2462 has no application. Old Ben is not prejudiced by our holding. The purposes behind a statute of limitations are to put the alleged violator on notice and to prevent the loss of evidence. The administrative proceeding fulfilled these purposes. Old Ben was put on notice of its alleged violations, and a hearing was held at which both sides introduced evidence. Old Ben cannot be heard to argue that its financial liability ceases because it sat back and failed to pay a properly assessed penalty.

## II

Even if we agree that 28 U.S.C. § 2462 has application, the district court was still in error. A statute of limitations cannot begin to run until there is a right to bring an action. In *Crown Coat Front Co. v. United States*, 386 U.S. 503, 87 S.Ct. 1177, 18 L.Ed.2d 256 (1967), the Court held that a district court action by a contractor against the United States accrued, for purposes of the statute of limitations at 28 U.S.C. § 2401,[4] when the administrative agency "finally ruled on [the] claim." 386 U.S. at 522, 87 S.Ct. at 1187. It observed that a court cannot review a decision "which has not yet been made." 386 U.S. at 515, 87 S.Ct. at 1184. *See also United States v. Withrow*, 593 F.2d 802, 804–05 (7th Cir. 1979). Parallel reasoning applies here. The statute of limitations at 28 U.S.C. § 2462 does not begin to run until "the date when the claim first accrued." In the context of the Coal Act the district court claim

accrues only after the administrative proceeding has ended, a penalty has been assessed, and the violator has failed to pay the penalty. The Coal Act states specifically that the Secretary shall file a petition for enforcement of the order assessing the civil penalty only if the person against whom the penalty was assessed fails to pay it within the time prescribed in the order. 30 U.S.C. § 819(a)(4). Obviously an administrative agency order must exist before the Secretary can file a district court action to enforce it. Therefore, if 28 U.S.C. § 2462 applies to the district court proceeding the limitations period begins to run when the administrative order becomes final.

The administrative law judge's order became final on July 23, 1975. The Secretary of Labor sued to enforce the order on July 18, 1980. The suit was within five years of the date the claim accrued.

For the foregoing reasons the order of the district court is reversed.

---

4. 28 U.S.C. § 2401 reads in pertinent part:
   Every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues.