**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**CORE LABORATORIES, INC.,
Defendant-Appellee.**

**No. 84–1844.**

United States Court of Appeals,
Fifth Circuit.

May 6, 1985.

Robert V. Zener, Atty., Mark H. Gallant, Dept. of Justice, Civ. Div., Cecil Hunt, Pamela Breed, Thomas Barbour, Asst. Gen. Counsels, Dept. of Commerce, Washington, D.C., for plaintiff-appellant.

Thompson & Fink, Stephen F. Fink, James B. Harris, James E. Brasher, Dallas, Tex., for defendant-appellee.

Before GEE, POLITZ, and WILLIAMS, Circuit Judges.

GEE, Circuit Judge:

The issue for decision is when a particular statute of limitations begins to run, that of 28 U.S.C. § 2462.

## Facts

The Export Administration Act, 50 U.S. C.App. § 2401 et seq. (1984) contains anti-boycott provisions. The Commerce Department charged Core Laboratories, Inc. (Core) with violating these provisions on various dates, the last alleged violation occurring on August 1, 1978. Administrative proceedings on these charges began on November 19, 1979. On March 14, 1983, the Assistant Secretary for Trade Administration imposed a civil penalty on Core of $81,300 for its antiboycott violations. Core refused to pay the penalty.[1] Seven months later, on January 26, 1984, the government began this action to enforce it. Core defended by asserting that the five-year limitation period of 28 U.S.C. § 2462 had run and that the government's action was thus time-barred. The trial court apparently agreed; it granted Core's motion for judgment on the pleadings. Although the trial court offered no explanation for its action, both parties have assumed that judgment for Core was premised on Core's limitations defense. From this judgment, the government appeals.

---

**1.** We note that at this point other sanctions were available to the government. 50 U.S.C.App.

## Analysis

It is undisputed that 28 U.S.C. § 2462 applies to the government's action. That section provides as follows:

### § 2462. Time for commencing proceedings

Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued if, within the same period, the offender or the property is found within the United States in order that proper service may be made thereon.

The issue for decision is the meaning of "the date when the claim first accrued."

Core contends that this is the date on which the violation(s) occurred. The government contends that "the date when the claim first accrued" is the date of the final administrative order assessing the penalty. Despite numerous citations offered by the government on brief, only one case, *United States Department of Labor v. Old Ben Coal Company*, 676 F.2d 259 (7th Cir.1982), directly supports its position, and that support, given the court's conclusion that § 2462 had no application, is less than overwhelming. Cases dealing with other limitations statutes are of extremely limited value; as stated by the Supreme Court in *Crown Coat Front Co. v. United States*, 386 U.S. 503, 87 S.Ct. 1177, 18 L.Ed.2d 256 (1967), a Tucker Act case heavily relied on by the Government,

The Court has pointed out before, however, the hazards inherent in attempting to define for all purposes when a "cause of action" first "accrues." Such words are to be "interpreted in the light of the general purposes of the statute and of its other provisions, and with due regard to those practical ends which are to be served by any limitation of the time with-

§ 2410(d).

in which an action must be brought." *Reading Co. v. Koons*, 271 U.S. 58 [46 S.Ct. 405, 70 L.Ed. 835 (1926)]. . . . Cases under the Suits in Admiralty Act do not necessarily rule Tucker Act claims.

386 U.S. at 517, 87 S.Ct. at 1185 (citations omitted). Similarly, cases under the Tucker Act do not necessarily rule Export Administration Act claims.

The Government's attempt to apply the reasoning of cases construing other statutes to the statute in question here would be justified were there no authority directly on point, but this is not the case. The current § 2462 is derived from predecessor statutes dating from 1799; *see Smith v. United States*, 143 F.2d 228, 229 (9th Cir.), *cert. denied*, 323 U.S. 729, 65 S.Ct. 65, 89 L.Ed. 585 (1944); the statutes have produced a respectable body of decisional law. A review of these cases clearly demonstrates that the date of the underlying violation has been accepted without question as the date when the claim first accrued, and, therefore, as the date on which the statute began to run. *See, e.g., United States v. Athlone Industries, Inc.*, 746 F.2d 977, 982 n. 1 (3d Cir.1984); *Western Pacific Fisheries, Inc. v. S.S. President Grant*, 730 F.2d 1280, 1287 (9th Cir.1984); *United States v. Ancorp National Services, Inc.*, 516 F.2d 198, 200 n. 5 (2d Cir.1975); *United States v. Witherspoon*, 211 F.2d 858, 861 (6th Cir.1954); *Smith*, 143 F.2d at 229; *Lancashire Shipping Co. v. Durning*, 98 F.2d 751, 753 (2d Cir.), *cert. denied*, 305 U.S. 635, 59 S.Ct. 102, 83 L.Ed. 408 (1938); *Durning v. McDonnell*, 86 F.2d 91, 92–93, *cert. denied*, 300 U.S. 682, 57 S.Ct. 753, 81 L.Ed. 885 (1937); *The Ng Ka Py Cases*, 24 F.2d 772, 774 (9th Cir.1928); *United States v. Advance Machine Co.*, 547 F.Supp. 1085, 1091 (D.Minn.1982); *United States v. C & R Trucking Co.*, 537 F.Supp. 1080, 1083 (N.D.West Virginia 1982); *United States v. Firestone Tire & Rubber Co.*, 518 F.Supp. 1021, 1037 (N.D.Ohio 1981); *FTC v. Lukens Steel Co.*, 454 F.Supp. 1182, 1185 n. 2 (D.D.C.1978); *United States v. Appling*, 239 F.Supp. 185, 194–95 (S.C.Tex.1965); *United States v. Fraser*, 156 F.Supp. 144,

147 (D.Montana 1957); *United States v. Wilson*, 133 F.Supp. 882, 883 (N.D.Cal. 1955); *United States v. One Dark Bay Horse*, 130 Fed. 240, 241 (D.Vermont 1904).

The *Old Ben* court did not cite any of these cases; its conclusion that a claim first accrues under § 2462 at the end of administrative proceedings was supported solely by citation to *Crown Coal*, which, as we have noted above, does not deal with § 2462. Because it is against the overwhelming weight of authority, we view *Old Ben* as an anomaly that provides no reason to depart from the common understanding of § 2462.

That Congress shares this common understanding is evidenced by the legislative history of the antiboycott provisions. The Senate's "Declaration of Policy" regarding the new provisions was immediately preceded by the following statement:

### FIVE–YEAR STATUTE OF LIMITATIONS

The bill does not prescribe any period following an offense within which the civil penalty must be imposed. It is intended that the general 5-year limitation imposed by section 2462 of title 28 shall govern. *Under that section, the time is reckoned from the commission of the act giving rise to the liability, and not from the time of imposition of the penalty, and it is applicable to administrative as well as judicial proceedings.*

S.Rep. No. 363, 89th Cong. 1st Sess. 7, *reprinted in* [1965] U.S.Code Cong. & Adm.News 1826, 1832 (emphasis added). The underlined language was repeated *verbatim* in the House report. H.Rep. No. 434, 89th Cong., 1st Sess. 5 (1965). It is thus abundantly clear that both the courts and Congress have construed the "first accrual" language of § 2462 to mean the date of the violation.

■ Practical considerations support this construction. The progress of administrative proceedings is largely within the control of the Government. *Northern Metal Co. v. United States*, 350 F.2d 833, 839 (3d

Cir.1965). The government is exempt from the consequences of its laches (quod nullum tempus occurrit regi). *Guaranty Trust Co. v. United States,* 304 U.S. 126, 132, 58 S.Ct. 785, 788, 82 L.Ed. 1224 (1938); *United States v. Hughes House Nursing Home, Inc.,* 710 F.2d 891, 895 (1st Cir.1983) (private defendant cannot assert laches against government). A limitations period that began to run only after the government concluded its administrative proceedings would thus amount in practice to little or none. As one court has explained,

> If the penalty does not accrue [under § 2462] until the United States makes an administrative determination that it is due, the United States has within its power to prolong the period of limitations and the producer of rice "would remain indefinitely under the hazard of having penalties imposed upon him...."
> *United States v. Lynn,* supra, 132 F.Supp. [605] at 607. The Court is of the view that such is not the case.

*Appling,* 239 F.Supp. at 194.

■ We take the same view. The interpretation of § 2462 advanced by the government is in derogation of the right to be free of stale claims, which comes in time to prevail over the right to prosecute them. *Burnett v. New York Central Railroad Co.,* 380 U.S. 424, 428, 85 S.Ct. 1050, 1054, 13 L.Ed.2d 941 (1965), *quoting Order of Railroad Telegraphers v. Railway Express Agency, Inc.,* 321 U.S. 342, 348–49, 64 S.Ct. 582, 586, 88 L.Ed. 788 (1944). There are exceptions to this rule, notably actions to collect fraudulently withheld taxes, but where the Congress has meant to make such exceptions, it has clearly expressed that intent. *See Badaracco v. Commissioner,* 464 U.S. 386, 104 S.Ct. 756, 78 L.Ed.2d 549 (1984).[2] It would be

especially inappropriate to view § 2462 and the antiboycott provisions as such exceptions because Congress has stated that "[t]he monetary penalties authorized by this bill are not intended to deal with serious and flagrant violations." S.Rep. No. 363, *supra,* [1965] U.S.Code Cong. & Adm. News at 1831.

All of the factors discussed above—the case law, expressions of congressional intent, and general limitations principles—support Core's interpretation of § 2462. A claim under that section accrues at the time of the underlying violation.

The government's fallback position is that if its claim first accrued at the time of the violation, the limitations period was tolled during the administrative proceedings. No case directly supports this position. *Lancashire Shipping v. Durning,* 98 F.2d 751 (2d Cir.1938), relied on by the government, does not do so. *Lancashire* was an action to *recover* a penalty, not to enforce one; there was in fact no enforcement action because the penalty at issue was paid voluntarily. Administrative proceedings to impose the penalty had begun within the limitations period of § 791, predecessor to § 2462, but had ended after its expiration; it is thus neither surprising nor supportive of the Government's position that the Second Circuit rejected Lancashire's limitations defense. 98 F.2d at 752–53. *Northern Metal Co. v. United States,* 350 F.2d 833 (3d Cir.1965), is equally inapposite. It involved an action by a private plaintiff under the Suits in Admiralty Act to recover money from the government; the Third Circuit held that the limitations period was tolled during administrative proceedings *because these proceedings were under the government's control,* and that it would be unfair to penalize the private plaintiff for the government's de-

---

**2.** Language quoted by Justice Stevens in his dissent to *Badaracco* merits quotation here:

> "Respondent would leave the statute open for that portion of eternity concurrent with the taxpayer's life, whether he lives three score and ten or as long as Methuselah. In most religions one can repent and be saved but in the peculiar tax theology of respondent no act of contrition will suffice to prevent the statute

from running in perpetuity. Merely to state the proposition is to refute it unless some very compelling reason of policy requires visiting this absurdity on the taxpayer." *Klemp v. Commissioner,* 77 T.C. 201, 207 (1981) (Wilbur, J. concurring).

*Badaracco,* 464 U.S. at ——, 104 S.Ct. at 768, 78 L.Ed.2d at 565–66 (Stevens, J., dissenting) (footnote omitted).

lay. The reasoning of *Northern Metal* is thus inapplicable to an action by, rather than against, the government, and provides no support for the government's position.

*Unexcelled Chemical Corp. v. United States,* 345 U.S. 59, 73 S.Ct. 580, 97 L.Ed. 821 (1953), is the only case which we have found in which the Supreme Court construed a limitations statute in the context of a suit brought by the government. In *Unexcelled,* the relevant limitations period was two years. Administrative proceedings had begun within two years of the violation; the government's enforcement action began more than two years after the violation. A unanimous Court held the enforcement action time-barred; the limitations period had begun to run at the time of the violation and had run out before the government filed its enforcement complaint. 345 U.S. at 65–67, 73 S.Ct. at 583–584.

Although *Unexcelled* does not control this case, it is persuasive, more so certainly than cases dealing with the government as defendant. Further, in none of the § 2462 cases cited above did any court hold the limitations period tolled during administrative proceedings. There being no authority for the government's proposition that the limitations period of § 2462 must be tolled, as a matter of law, during such proceedings, we reject it.

The government may, however, be entitled to invoke the equitable powers of the Court to toll the § 2462 limitations period in this case. *See Baldwin County Welcome Center v. Brown,* —— U.S. ——, —— n. 6, 104 S.Ct. 1723, 1726, n. 6, 80 L.Ed.2d 196, 202 n. 6 (1984); *American Pipe and Construction Co. v. Utah,* 414 U.S. 538, 557–560, 94 S.Ct. 756, 768–770, 38 L.Ed.2d 713 (1974); *McCormick v. United States,* 680 F.2d 345, 350–51 (5th Cir.1982). If it were shown, for example, that the government's failure to file its action within the limitations period was caused by improperly dilatory tactics of Core, tolling might be appropriate. Because of the thinness of the line between conducting a legitimate defense and using improperly dilatory tac-

tics, the district court may wish to require a "clear and convincing" showing to invoke equitable tolling. As the district court did not consider this possibility, the court's judgment is vacated and the case is remanded for a determination whether equitable tolling is warranted. It is so

ORDERED.