**UNITED STATES of America, Plaintiff,**

v.

**Dallas McCUNE, et al., Defendants.**

**Civ. A. No. C–2–87–1387.**

United States District Court,
S.D. Ohio, E.D.

Dec. 13, 1989.

D. Michael Crites, U.S. Atty., Barbara L. Beran, Asst. U.S. Atty., U.S. Dept. of Justice, Columbus, Ohio (Jan U. Bellhy, Staff Atty., U.S. Dept. of the Interior, Pittsburgh, Pa., of counsel), for plaintiff.

Roderick H. Willcox, Chester, Hoffman and Willcox, Columbus, Ohio, for defendants.

## OPINION AND ORDER

HOLSCHUH, Chief Judge.

Plaintiff United States of America brings this action under 30 U.S.C. § 1268(b) to recover civil penalties assessed against defendants for violations of the Surface Mining Control and Reclamation Act of 1977, 30 U.S.C. §§ 1201, *et seq.* This matter is before the Court on plaintiff's motion for summary judgment against defendant Metro Energy Corporation.[1]

The uncontroverted June 20, 1988 affidavit of Sean T. Spillane, Chief, Branch of Civil Penalty Collections, Division of Debt Management, Office of Surface Mining

---

1. On January 4, 1988 default judgment was entered against defendant Dallas McCune. Metro Energy Corporation is the sole remaining defendant.

Reclamation and Enforcement (OSMRE), United States Department of Interior, establishes that OSMRE duly assessed civil penalties in the amount of $125,940.00 against McFo Company, a partnership, for violations of the Surface Mining Control and Reclamation Act of 1977 (hereinafter "the Act"). The Division of Debt Management issued Cessation Orders or took other action notifying McFo of its violations of the Act and liability for civil penalties between October 1978 and November 1980. The Division issued Final Orders assessing civil penalties on August 24, 1983, May 30, 1985, February 20, 1986 and June 19, 1986. The total amount of civil penalties assessed is $125,940.00.

Federal Rule of Civil Procedure 56(c) provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

"[T]his standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (emphasis in original); *Kendall v. The Hoover Co.*, 751 F.2d 171, 174 (6th Cir.1984).

The purpose of the procedure is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried. *Lashlee v. Sumner*, 570 F.2d 107, 111 (6th Cir.1978). Therefore, summary judgment will be granted "only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is, ... [and where] no genuine issue remains for trial, ... [for] the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues to try." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467, 82

S.Ct. 486, 488, 7 L.Ed.2d 458 (1962); *accord, County of Oakland v. City of Berkley*, 742 F.2d 289, 297 (6th Cir.1984).

In a motion for summary judgment the moving party bears the "burden of showing the absence of a genuine issue as to any material fact, and for these purposes, the [evidence submitted] must be viewed in the light most favorable to the opposing party." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970) (footnote omitted); *accord, Adams v. Union Carbide Corp.*, 737 F.2d 1453, 1455–56 (6th Cir.1984), *cert. denied*, 469 U.S. 1062, 105 S.Ct. 545, 83 L.Ed.2d 432 (1985).

■ Defendant maintains that the action was not commenced within the five year statute of limitations established by 28 U.S.C. § 2462.

The Secretary may assess a civil penalty not to exceed $5,000 for each violation of the Act. When there is a continuing violation, each day the violation continues is deemed a separate violation of the Act. 30 U.S.C. § 1268(a). Once the Secretary's assessment of a civil penalty becomes final, the Secretary is authorized to bring a civil action to collect the penalties. 30 U.S.C. § 1268(d). The Act contains no statute of limitations. The legislative history of the Surface Mining Control & Reclamation Act of 1977, P.L. 95–87, 1977 U.S.Code Cong. & Adm.News 593, 663, 708, does not discuss the statute of limitations for either assessing civil penalties or bringing suit to collect them.

Consequently, the applicable statute of limitations is 28 U.S.C. § 2462 which states:

> Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years *from the date when the claim first accrued* if, within the same period, the offender or the property is found within the United States in order that proper service may be made thereon.

(Emphasis added). Defendant maintains that the "claim first accrued" when McFo

918

violated the Act. Since the complaint here was filed November 17, 1987 and McFo's violations of the Act all occurred prior to November 1980, under defendant's construction of the statute, the government's action to collect the civil penalties would be barred. Plaintiff maintains that its "claim first accrued" when the Final Orders assessing the civil penalties were issued. Since all of the Final Orders were issued on or after August 24, 1983, under the government's construction of the statute the suit was timely filed.

There are no reported cases construing 28 U.S.C. § 2462 as a statute of limitations for an action brought under 30 U.S.C. § 1268(d) to collect civil penalties under the Act. Defendant relies on *United States v. Core Laboratories, Inc.,* 759 F.2d 480 (5th Cir.1985) which construes § 2462's "from the date when the claim first accrued" language as applied to an action by the government to collect penalties imposed under the Export Administration Act, 50 U.S.C.App. §§ 2401, *et seq.* Relying upon language in the legislative history for the Export Administration Act which stated that the five year statute of limitation imposed by 28 U.S.C. § 2462 "is reckoned from the commission of the act giving rise to liability, and not from the time of imposition of the penalty," the Fifth Circuit held that the statute of limitations period begins to run from the date of the act giving rise to liability under the Export Administration Act. *United States v. Core Laboratories, Inc.,* 759 F.2d at 482–483. This is the only reported decision so construing § 2462 in the context of an action by the government to recover a civil penalty administratively imposed.

The Fifth Circuit's construction of § 2462 was expressly rejected by the First Circuit in *United States v. Meyer,* 808 F.2d 912, 915–920 (1st Cir.1987). The First Circuit reasoned in *Meyer* that claims "first accrue" when a suit may be brought to enforce them. 808 F.2d at 914. Since no suit could be brought to recover a civil penalty under the Export Administration Act until the penalty had been assessed administratively, the Court concluded that the five year limitation period established by § 2462

did not begin to run until the penalty was administratively imposed. 808 F.2d at 914, 916, 918–919.

Here, unlike *Core Laboratories,* there is no legislative history indicating when the statute of limitations should begin to run. Consequently, this Court must construe the plain language of 28 U.S.C. § 2462. This Court finds the First Circuit's analysis to be more compelling than that of the Fifth. The statute expressly states that the five year statute of limitations begins to run "from the date when the claim first accrued...." A claim to collect an administratively imposed civil penalty cannot accrue until the penalty is administratively imposed.

There is always the danger that the administrative agency will unreasonably delay taking administrative action, thereby defeating the purpose of a statute of limitation to provide a definite time period within which a permittee's rights will be determined. Here defendant has made no argument that the Secretary unreasonably delayed administrative proceedings to deny it the benefit of the statute of limitations imposed by 28 U.S.C. § 2462. Accordingly, the Court concludes that plaintiff brought the action within the time limits imposed by that statute.

■ Defendant also argues that it should not be liable for the civil penalties because McFo's assets were transferred to another corporation before the penalties were assessed. Defendant Metro Energy Corporation was a general partner in McFo Company. Normally, Metro Energy, as a general partner, would be liable for the civil penalties assessed. See, O.R.C. § 1775.08(A).

However, Metro Energy maintains that the assets of McFo were transferred to Y–Coal, Inc. on April 15, 1980. Although Metro Energy makes this assertion through its attorney, it provides no documentation of the claim. The uncontroverted record establishes that Metro Energy is a general partner of McFo. In the absence of any evidence documenting the termination of the partnership, there is no issue

of fact which would survive a motion for directed verdict at trial. See, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 251–252, 106 S.Ct. at 2511–2512.

Even if the assets of McFo were distributed to Y–Coal, Inc., McFo company never notified OSMRE of the sale, nor was there any approval by the regulatory authority to transfer, assign, or sell the rights granted under any permit as required by 30 U.S.C. § 1261(b). Consequently, McFo remained the permittee at all relevant times. Under these facts, defendant Metro Energy Corporation, as a general partner of McFo, is liable for the civil penalties.

For the reasons set out above, plaintiff's motion for summary judgment is GRANTED. The Clerk of Court is DIRECTED to enter JUDGMENT for plaintiff and against defendant Metro Energy Corporation in the amount of $125,940.00.