UNITED STATES of America, Plaintiff,

v.

William Cole McINTYRE, Defendant.

Civ. No. 1–90–CV–70047.

United States District Court,
S.D. Iowa, W.D.

Nov. 14, 1991.

---

Christopher D. Hagen, Asst. U.S. Atty., Des Moines, Iowa, for plaintiff.

Stephen L. Rosman, Finerty & Rosman, Council Bluffs, Iowa, for defendant.

## MEMORANDUM OPINION, RULING GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND ORDER FOR JUDGMENT

VIETOR, Chief Judge.

Plaintiff United States of America brings suit against defendant William McIntyre to enforce a civil money penalty assessed by the Federal Deposit Insurance Corporation (FDIC) pursuant to section 2[18](j)(4) of the Federal Deposit Insurance Act, 12 U.S.C. § 1828(j)(4). Plaintiff moves for summary judgment, and defendant resists asserting a statute of limitations defense. The motion is submitted.

### Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(e). To preclude the entry of summary judgment, the nonmovant must make a sufficient showing on every essential element of its case for which it has the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–323, 106 S.Ct. 2548, 2552–2553, 91 L.Ed.2d 265 (1986); *Continental Grain Co. v. Frank Seitzinger Storage, Inc.,* 837 F.2d 836, 838 (8th Cir.1988). Rule 56(e) requires the nonmoving party to go beyond the pleadings and by affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553; *Johnson v. Schopf,*

669 F.Supp. 291, 295 (D.Minn.1987). The quantum of proof that the nonmoving party must produce is not precisely measurable, but it must be "enough evidence so that a reasonable jury could return a verdict for the nonmovant." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986); *Johnson*, 669 F.Supp. at 295–96.

■ On a motion for summary judgment, the court views all the facts in the light most favorable to the nonmoving party, and gives that party the benefit of all reasonable inferences that can be drawn from the facts. *United States v. City of Columbia, Mo.*, 914 F.2d 151, 153 (8th Cir. 1990); *Woodsmith Publishing Co. v. Meredith Corp.*, 904 F.2d 1244, 1247 (8th Cir. 1990).

### Facts •

The following facts are undisputed. During the time period at issue, plaintiff William Cole McIntyre was an officer, director, principal shareholder and person participating in the conduct of the affairs of the Farmers State Bank of Holyoke, Colorado (Bank), which was an insured state non-member bank. McIntyre is a resident of Council Bluffs, Iowa. McIntyre, in his capacity as officer and director of the Bank was subject to an order (issued by the FDIC with the Bank's consent) to cease and desist from purchasing loan participations which were not properly documented and which were of inferior credit quality. The order, made effective February 4, 1984, was issued pursuant to 12 U.S.C. § 1818(b).

On May 4, June 28, July 17, and July 30, 1984, the Bank purchased loan participations from American Securities and Loan Inc., Council Bluffs, Iowa, totalling approximately $485,000, which plaintiff alleges were not properly documented and were of inferior credit quality violating the February 4 order.

By letter dated February 11, 1985, the Executive Secretary of the FDIC notified McIntyre that the FDIC Board of Directors had issued a Notice of Assessment of Civil Money Penalties, Findings of Fact and Conclusions of Law, for violation of section 22(h) of the Federal Reserve Act, 12 U.S.C. § 375b; Regulation O of the Board of Governors of the Federal Reserve System, 12 C.F.R. Part 215; and section 23A of the Federal Reserve Act, 12 U.S.C. § 371c. FDIC also ordered McIntyre to pay pursuant to 12 U.S.C. §§ 1818, 1828. McIntyre received the notification on February 16, 1985, and timely requested a hearing which was held on August 19 and 20, 1985. On December 16, 1985, an administrative law judge (ALJ) issued a Recommended Decision that the penalty originally assessed be reduced to $10,000.

On April 7, 1986, the FDIC Board of Directors adopted the ALJ's recommendation and issued a Decision, and ordered McIntyre to pay $10,000 within 20 days of service. The FDIC's Decision and Order were served on McIntyre by letter date April 7, 1986. More than 20 days have elapsed since the date of service and the penalty has not been paid, nor has the assessment been appealed within the 20–day period as provided in 12 U.S.C. § 1828(j)(4)(F).

Plaintiff filed its complaint in this court on September 5, 1990. The statute of limitations found in 28 U.S.C. § 2462 applies to this action.

### Discussion

■ Title 28 U.S.C. § 2462 states:

Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued if, within the same period, the offender or the property is found within the United States in order that proper service may be made thereon.

As plaintiff notes, the limitations period in section 2462 applies to the government. *See United States v. Meyer*, 808 F.2d 912 (1st Cir.1987); *United States v. Core Labs., Inc.*, 759 F.2d 480 (5th Cir.1985).

McIntyre asserts that a genuine issue of material fact exists as to when plaintiff's

cause of action accrued for purposes of 28 U.S.C. § 2462. The dates of the material events, however, are not in dispute. The only question remaining is a matter of statutory interpretation, which is a question of law. McIntyre argues that plaintiff's cause of action accrued either at the time of McIntyre's alleged violations, May through July, 1984, or when he received the FDIC notice of assessment on February 16, 1985. Either date would make plaintiff's complaint untimely. The plaintiff argues that the statute of limitations did not begin to run until the FDIC assessment became final and unappealable in April or May of 1986.

Both parties acknowledge a split among the Circuits on the meaning of the language "when the claim first accrued" in section 2462. The Fifth Circuit has held that, in cases involving the Export Administration Act (EAA), the date of the underlying violation is the date when the claim first accrued and the statute begins to run. *United States v. Core Labs., Inc.*, 759 F.2d 480, 483 (5th Cir.1985). The First Circuit, specifically disagreeing with *Core Labs.* in a case that also concerned the EAA, held that:

> when, as under the EAA, final assessment of an administrative penalty is a statutory prerequisite to the bringing of an action judicially to enforce such penalty, the statute of limitations prescribed by 28 U.S.C. § 2462 does not begin to run, so long as administrative proceedings have been seasonably initiated, until the same have been concluded and a final (administrative) decision has resulted.

*United States v. Meyer*, 808 F.2d 912, 922 (1st Cir.1987). *Cf. United States Dep't of Labor v. Old Ben Coal Co.*, 676 F.2d 259, 261 (7th Cir.1982) (Federal Coal Mine Health and Safety Act); *United States v. McCune*, 763 F.Supp. 916, 918 (S.D.Ohio 1989) (Surface Mining Control and Reclamation Act of 1977; following *Meyer, supra* ).

McIntyre was assessed a penalty pursuant to 12 U.S.C. § 1828(j)(4), the assessment and collection of which is governed by subparagraphs (E), (F), (G), and (I) of section 1818(i)(2). § 1828(j)(4)(E). Section 1818(i)(2)(I)(i) states that:

> [i]f any insured depository institution or other person fails to pay an assessment after any penalty assessed under this paragraph has become final, the agency that imposed the penalty shall recover the amount assessed by action in the appropriate United States district court.

The government could not bring an action in this court to enforce the penalty until the final decision was issued, April 7, 1986, and the assessment was not further appealed. I am persuaded by the reasoning in *Meyer*, and conclude that the plaintiff's claim did not accrue for purposes of § 2462 until the assessment became final and unappealable. Plaintiff's complaint, therefore, is timely.

### Ruling

Because no facts are in dispute and the government is entitled to judgment as a matter of law, the motion of plaintiff United States for summary judgment is GRANTED.

### Order for Judgment

IT IS ORDERED that judgment be entered in favor of the plaintiff, United States of America, and against defendant, William Cole McIntyre, in the amount of Ten Thousand Dollars ($10,000.00) and for costs.