In re Richard D. DONOHOO, Debtor.

Bankruptcy No. 99–7644–9P3.

United States Bankruptcy Court,
M.D. Florida,
Ft. Myers Division.

Aug. 19, 1999.

Edward R. Miller, Naples, FL, for debtor.

Patricia A. Willing, AUSA, Tampa, FL, for movant.

Terry E. Smith, Bradenton, FL, Chapter 13 Trustee.

United States Attorney, c/o Mary Trippler, AUSA, Minneapolis, MN.

## ORDER ON UNITED STATES OF AMERICA'S MOTION FOR SUMMARY JUDGMENT ON THE CONTESTED MATTER ARISING FROM UNITED STATES OF AMERICA'S MOTION TO DISMISS (DOC. NO. 27)

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 13 case and the matter under consideration is the right of Richard D. Donohoo (Debtor) to seek relief under Chapter 13 of the Bankruptcy Code. The issue presented for this Court's consideration is a Motion for Summary Judgment filed by the United States of America (Government). It is the Government's contention that there are no genuine issues of material facts and based on the same the Government is entitled to a judgment in its favor as a matter of law and to a dismissal of this Chapter 13 case. The facts relevant to the issues are indeed without dispute and as they appear from the record are as follows:

Between 1988 and 1990, the Debtor and others acquired the controlling interest in Capital Bank (Bank) on preferential terms, a federally insured financial institution. According to the Government the Debtor and others violated the Change in Bank Control Act of 1978 (12 U.S.C. § 1817(j)); caused insider loans made by the Bank on preferential terms with inadequate collateral making the loan an above-normal repayment risk in violation of Regulation O (12 U.S.C. § 375b and 12 C.F.R. pt. 215). It was further alleged by the Government that the Debtors and others engaged in unsafe and unsound banking practices and exposed the Bank to substantial losses in creating employment agreements and bonuses for the Debtor and others and intentionally deceived federal and state examiners with respect to loans made to insiders.

Based on the foregoing, the FDIC instituted a proceeding against the Debtor and others pursuant to a Notice of Assessment of Civil Money Penalties filed on September 9, 1992. After a full administrative hearing, the Administrative Law Judge, on September 7, 1994, issued a Recommended Decision concluding that the Debtor shall pay $1,000,554, part in civil penalty and part in restitution. The Recommendation was considered in due course by the Board of Directors of the FDIC which rejected the restitution part but imposed a civil money penalty on the Debtor in the amount of $1,000,554.00. The decision of the Board was affirmed by the Eighth Circuit Court of Appeals. *See Lindquist & Vennum v. FDIC,* 103 F.3d 1409 (8th Cir.1997), cert. denied sub nom., *Donohoo v. FDIC,* 522 U.S. 821, 118 S.Ct. 77, 139 L.Ed.2d 36 (1997).

In due course, the FDIC demanded payment of the civil money penalty. When the Debtor failed to pay the penalty, the Government brought a civil action against the Debtor to enforce the civil money penalty assessed against the Debtor. *FDIC v. Donohoo,* Case No. 98–2388/RHK/RLE (D.Minn.). On May 28, 1999, the District Court entered its Memorandum Opinion

and Order concerning the civil penalty imposed on Donohoo and concluded that it lacked jurisdiction to review, modify, suspend, terminate or set aside the issuance or enforcement of any notice or order which imposed the civil money penalty, citing 12 U.S.C. § 1818(i)(1) The enforcement provision of Section 1818(I)(2)(I)(ii) provides that the validity and appropriateness of the penalty shall not be subject to review. It is clear that the very statute which empowers the District Court to adjudicate enforcement actions precludes the District Court from examining the merits of any challenges by the defendant to the ability of the FDIC to impose the penalty. *See Office of Thrift Supervision v. Paul,* 985 F.Supp. 1465 (S.D.Fla.1997). The preclusion of a review scheme under the Statute was considered by the Fifth Circuit in *Groos National Bank v. Comptroller of Currency,* 573 F.2d 889 (5th Cir.1978), in which case the Court stated,

> Section 1818 as a whole provides a detailed framework for regulatory enforcement and for orderly review of the various stages of enforcement; and section 1818(i) in particular evinces a clear intention that this regulatory process is not to be disturbed by untimely judicial intervention, at least where there is no "clear departure from statutory authority."

*Groos,* 573 F.2d at 895, citing *Manges v. Camp,* 474 F.2d 97 (5th Cir.1973).

On May 11, 1999, the Debtor filed his voluntary Petition under Chapter 13. On May 12, 1999, the Government filed a Motion to Dismiss the Chapter 13 case, contending that the amount of the Debtor's noncontingent, liquidated unsecured debts are in excess of the cap placed for eligibility under this Chapter by Section 109(e). This contention was based on the civil money penalty in the amount of $1,000,-554.00 which far in excess of the cap even without considering the other unsecured debts of the Debtor. The claim filed by the Government based on the civil money penalty was challenged by the Debtor who

also filed a Motion for Summary Judgment. On June 21, 1999, this Court overruled the Objection and on July 20, 1999, granted the Government's Motion to Strike the Debtor's Motion for Summary judgment.

On July 22, 1999, the Government filed a Motion for Summary Judgment and a renewed Motion to Dismiss or, in the Alternative Motion for Summary Judgment regarding the Debtor's Amended Objection to the Claim of the Government.

Based on the foregoing, the Government contends that it is without dispute that the noncontingent, liquidated unsecured debts of the Debtor are far in excess of the statutory cap for relief under Chapter 13. Therefore, the Government is entitled to the relief it seeks as a matter of law, that is the dismissal of the Debtor's Chapter 13 case.

In opposition, the Debtor contends that the claim of the Government is unenforceable because it is barred by the applicable statute of limitation of 28 U.S.C. § 2462, which provides,

> Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued if, within the same period, the offender or the property is found within the United States in order that proper service may be made thereon.

The Debtor contends that the statute of limitations began to run when the civil money penalty accrued in July 1990 when the last underlying violations of the federal banking laws and regulations occurred. Since the civil enforcement was not filed by the Government until 1998, the debts represented by the civil money penalty are no longer enforceable because they are barred by the five year statute of limitation.

This proposition of the Debtor is challenged by the Government which contends that the statute runs from the entry of the order by the Court of Appeals which affirmed the final decision of the Board of Directors of the FDIC and not from the date of the last violation of the banking laws and regulations by the Debtor.

The case law which considered the proper application of the statute of limitations with one exception uniformly recognized that under the statutory scheme involved there are in fact two limitation periods. One applies to the administrative action to assess civil money penalty and a separate limitation period for the commencement of the actions to collect the assessed civil money penalty. *United States Department of Labor v. Old Ben Coal Co.*, 676 F.2d 259, 261 (7th Cir.1982); *United States v. Meyer*, 808 F.2d 912 (1st Cir.1987); *United States v. McIntyre*, 779 F.Supp. 119 (S.D.Iowa 1991). It is clear from the foregoing authorities that any other construction of the statute would produce unacceptable results, totally inconsistent with the statutory scheme. This is so because the Government is not authorized to enforce the civil money penalty assessed by an administrative agency until the assessment becomes final. (12 U.S.C. § 1818(i)(a)(I)(i).)

This Court is not unmindful of the decision which is contrary to the majority view, the case of *United States v. Core Laboratories, Inc.*, 759 F.2d 480 (5th Cir. 1985). In that case, the Fifth Circuit concluded that under the Export Administration Act, the Government must complete all administrative proceedings to assess a civil money penalty and must commence a judicial enforcement action within the five-year statute of limitation under 28 U.S.C. § 2462. The unrealistic and unacceptable result which would be produced by this interpretation of the statute of limitation was highlighted by congressional criticism of *Core Laboratories, supra*, where Congress in amending the Export Administration Act noted that the interpretation

adopted by the Fifth Circuit would have required the Commerce Department to discover, investigate, prosecute and commence an enforcement action with the United States District Court all within five years from the date of the violation. As Congress noted, this task would be practically impossible to perform. (H.R.Rep. No. 180, 99th Cong., 1st Sess. 64 (1985)).

The other decision which may support the position of the Debtor is the case of *Federal Election Commission v. Williams*, 104 F.3d 237 (9th Cir.1996). Even a cursory reading of this decision makes it evident at once that it is inapposite and not controlling simply because under the Federal Election Campaign Act, the Federal Election Commission is not authorized to assess civil money penalty and must file a civil action to seek the imposition of civil money penalty.

In the present instance, the assessment did not become final until the Supreme Court denied the Debtor's petition for certiorari on October 6, 1997 (522 U.S. 821, 118 S.Ct. 77, 139 L.Ed.2d 36) and the five-year statute of limitation fixed by 28 U.S.C. Section 2462 for enforcing the civil money penalty will not expire until October 6, 2002.

Having considered the record and the authorities cited by the parties, this Court is satisfied that the Government's claim is not barred by the statute of limitations and, therefore, is valid and enforceable. Since the Government's claim is in the amount of $1,000,554.00, the Debtor is over the monetary limits for eligibility for relief under Chapter 13. *See* 11 U.S.C. § 109(e). Therefore, the Government's Motion to Dismiss should be granted.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Government's Motion for Summary Judgment be, and the same is hereby granted. It is further

ORDERED, ADJUDGED AND DECREED that the Government's Motion to Dismiss is hereby granted, however, the Debtor shall have ten days from the date of the entry of this Order to file a notice of conversion to a case under Chapter 7 or 11. Upon the Debtor's failure to convert this case within ten days, this case shall be dismissed without further order of this Court.