**UNITED STATES SECURITIES AND EXCHANGE COMMISSION,**
**Plaintiff–Appellee,**

v.

**Glen T. VITTOR, Defendant–Appellant.**

No. 02–13876.

United States Court of Appeals,
Eleventh Circuit.

March 7, 2003.

See also 102 F.3d 579.

---

James E. Felman, Kynes, Markman & Felman, P.A., Tampa, FL, for Defendant–Appellant.

Thomas J. Karr, Melinda Hardy, WM Smith Greig, SEC, Office of the Gen. Counsel, Washington, DC, for Plaintiff–Appellee.

Before DUBINA and BLACK, Circuit Judges, and RYSKAMP*, District Judge.

DUBINA, Circuit Judge:

This case presents several questions regarding statutory construction. Appellant Glen T. Vittor ("Vittor") appeals the district court's order directing him to comply with the Securities and Exchange Commission ("SEC") decision affirming the National Association of Securities Dealer's

---

* Honorable Kenneth L. Ryskamp, United States District Judge for the Southern District of Florida, sitting by designation.

("NASD") sanctions against him. For the reasons that follow, we affirm the district court's order.

## I. BACKGROUND

The NASD, a private, non-profit corporation organized under Delaware law, is a self-regulatory organization. The NASD is registered as a "national securities association." 15 U.S.C. § 78o–3.

In May 1993, Vittor was the principal, managing partner, and trader for Falcon Trading Group, Ltd. ("Falcon"), which was then a registered broker-dealer and NASD member. On June 27, 1994, the NASD's Market Surveillance Committee ("MSC") took disciplinary action against Vittor and Falcon for failing to honor trades in securities of a company called Spectrum Information Technologies, Inc. ("Spectrum") and for associating with Philip Gurian ("Gurian"), an individual whose registration the NASD had previously revoked.[1] Specifically, the MSC ordered Vittor and Falcon to pay restitution to Paine Webber, Inc. and Lehman Brothers, Inc. and fined Vittor and Falcon for failing to honor these trades and for associating with Gurian.

Vittor appealed the MSC's decision to the NASD's appellate body, the National Business Conduct Committee ("NBCC"). In March 1994, the NBCC issued a decision reducing the fines against Vittor and Falcon and ruling that the amount of restitution Vittor and Falcon paid should be offset by any amounts paid to Paine Webber and Lehman Brothers pursuant to any arbitration order or settlement. Pursuant to 15 U.S.C. § 78s(d), Vittor and Falcon appealed the NASD decision to the SEC. In its opinion, the SEC stated that Vittor and Falcon's actions warranted the NASD's sanctions. Contemporaneous with its opinion, the SEC issued an "order" sustaining the NASD's disciplinary action and assessment of costs. Vittor and Falcon appealed the SEC's decision to the United States Court of Appeals for the District of Columbia. *See* 15 U.S.C. § 78y(a)(1). The circuit court denied the petition for review. The court determined that the SEC did not abuse its discretion in affirming the NASD's decision, which denied Vittor and Falcon's request for a continuance of the NASD hearing, and that a quorum of commissioners lawfully rendered the SEC's decision. *Falcon Trading Group, Ltd. v. SEC,* 102 F.3d 579 (D.C.Cir.1996).

In December 2000, the SEC filed an application in federal district court seeking enforcement of the SEC order affirming the NASD imposed sanctions. In its application, the SEC invoked only section 21(e)(1) of the Securities Exchange Act, 15 U.S.C. § 78u(e)(1). Vittor opposed the SEC's application, arguing that section 21(f) barred the relief the SEC sought under section 21(e)(1). He also argued that the SEC's order could not be enforced under section 21(e)(1) because it did not command Vittor to do anything—it simply

---

1. On May 20, 1993, Falcon, acting through Vittor, contracted to buy 13,000 shares of Spectrum stock from Paine Webber, Inc. and Lehman Bros., Inc. Falcon, through Vittor, failed to input trade data regarding those two trades into the Automated Confirmation Transaction Service ("ACT") and to acknowledge or confirm the trades. By the end of the day, the price of Spectrum stock fell by more than 50%. The next day, Falcon, through Vittor, declined the trades through ACT and refused to mitigate trading losses that Paine Webber and Lehman incurred by buying the Spectrum securities for Falcon to purchase. Gurian was registered with the NASD as a general securities representative from 1983 until August 1991, when the NASD revoked his registration because he had failed to pay a $10,000 disciplinary fine in connection with another action. Nevertheless, between April and October 1993, Falcon, acting through Vittor, caused, directed, and permitted Gurian to associate with Falcon as a trader and assistant trader.

sustained the NASD's sanctions against him. The district court entered a final order granting the SEC's application under section 21(e)(1). Recognizing that whether section 21(f) applied to the SEC's application was a close question, the district court concluded that section 21(f) barred the SEC from bringing an original action against Vittor for violations of NASD rules. The court concluded, however, that "once the SEC has affirmed an NASD decision regarding such violations, the SEC has the authority under [s]ection 21(e) to seek an order commanding compliance with the SEC affirmance, regardless of [s]ection 21(f)." Dist. Ct. Order at 3. The district court expressly declined to reach the issue of whether the SEC had met either exception to Section 21(f).

## II. ISSUES

1. Whether, under section 21(e)(1) of the Securities Exchange Act, 15 U.S.C. § 78u(e)(1), the SEC may enforce an SEC order affirming sanctions that the NASD imposed for violation of NASD rules.

2. If the SEC may enforce its order affirming sanctions imposed by the NASD, whether the SEC must satisfy one of the statutory exceptions of section 21(f) of the Securities Exchange Act, 15 U.S.C. § 78u(f), to bring an action to enforce such an order in federal district court.

## III. STANDARD OF REVIEW

■■■ This court reviews *de novo* the district court's order discussing the scope of sections 21(e)(1) and (f) because it involves pure legal questions of statutory construction. *See Estate of Shelfer v. C.I.R.*, 86 F.3d 1045, 1046 (11th Cir.1996).

## IV. ANALYSIS

A. *Statutory background*

The statutes at issue are set forth below.

Section 21(d) permits the SEC to sue for injunctive relief in federal court and to obtain civil money penalties. 15 U.S.C. § 78u(d)(1), (2). The section provides in pertinent part that

(1) Whenever it shall appear to the Commission that any person is engaged or is about to engage in acts or practices constituting a violation of any provision of this chapter, the rules or regulations thereunder, [or] the rules of a national securities exchange or registered securities association of which such person is a member or a person associated with a member, ... it may in its discretion bring an action in the proper district court of the United States ... to enjoin such acts or practices....

15 U.S.C. § 78u(d)(1). Subsection (2) provides for civil money penalties and describes the procedure that the SEC can use to collect them. Thus, because the NASD is a "registered securities association of which [Vittor was] a member," section 21(d) permits the SEC to commence its own action against Vittor for violating NASD rules, unless the limitation of 21(f), discussed *infra,* applies.

Section 21(e)(1), the provision under which the SEC proceeded in this case, provides federal district courts with jurisdiction over certain SEC actions.

(e) Mandamus

Upon application of the Commission the district courts of the United States ... shall have jurisdiction to issue writs of mandamus, injunctions, and orders commanding (1) any person to comply with the provisions of this chapter, the rules, regulations, and orders thereunder, [or] the rules of a national securities exchange or registered securities association of which such person is a member or person associated with a member....

15 U.S.C. § 78u(e).

Section 21(f) expressly limits the SEC's authority to sue under sections 21(d) and (e) for violations of NASD rules.

(f) Rules of self-regulatory organizations

Notwithstanding any other provision of this chapter, the Commission shall not bring any action pursuant to subsection (d) or (e) of this section against any person for violation of, or to command ... compliance with, the rules of a self-regulatory organization unless it appears to the Commission that (1) such self-regulatory organization ... is unable or unwilling to take appropriate action against such person in the public interest and for the protection of investors, or (2) such action is otherwise necessary or appropriate in the public interest or for the protection of investors.

15 U.S.C. § 78u(f).

B. *Issues*

1. *Application for District Court Enforcement*

Vittor contends that section 21(e)(1) does not permit the SEC to apply to the federal district court for enforcement of an SEC order affirming NASD sanctions. To support his contention, Vittor argues that the SEC's affirmance of NASD sanctions is not an "order" within the meaning of section 21(e)(1). Vittor asserts that the district court failed to consider the ordinary meaning of the word "order." Moreover, Vittor contends that the SEC's "order" simply sustains the NASD's disciplinary action; the "order" does not command, direct, or instruct Vittor to do anything.

Vittor also argues that when the words of section 21(e)(1) are considered in context, that section clearly does not permit the SEC to file an application with the district court for enforcement of an SEC order affirming NASD sanctions. Section 21(e)(1) provides federal district courts with jurisdiction over SEC applications to enforce "the provisions of this chapter, the rules, regulations, and orders thereunder, [or] the rules of a national securities exchange or registered securities association...." 15 U.S.C. § 78u(e)(1). In construing the term "order," Vittor contends that the district court should have considered the phrase in which it appears. He argues that each term refers to statutes or rules of widespread applicability; they do not refer to a single decision in a specific case. Thus, the word "order" in this context has a meaning akin to "rule" or "regulation."

Vittor urges us to decline to follow *Lang v. French,* 154 F.3d 217 (5th Cir.1998), upon which the district court relied, in construing the word "order" in section 21(e)(1).

■ After reviewing the record, and contrary to Vittor's arguments, we conclude that the SEC's order sustaining the NASD's disciplinary sanctions was unquestionably an order. An "order" is defined as "[a] command, direction, or instruction;" or "[a] written direction or command delivered by a court or judge." *Black's Law Dictionary* (7th ed.1999). Section 19(e) requires the SEC to issue an "order" when it affirms a final disciplinary sanction imposed by a self-regulatory organization ("SRO") such as the NASD. 15 U.S.C. § 78s(e) (stating that if, upon review of an SRO's "final disciplinary sanction," the SEC confirms the SRO's findings of misconduct, the SEC "by order, shall so declare and, as appropriate, affirm the sanction imposed by the self-regulatory organization."). Additionally, when Vittor petitioned the D.C. Circuit for review of the SEC's order, it was pursuant to section 25(a)(1), which applies exclusively to reviews of a "final order of the Commission." Although the SEC order does not expressly command Vittor to pay the monetary sanctions, the order sustained the NASD's disciplinary action against Vittor

and effectively commanded him to pay the restitution, fines, and costs. Thus, the SEC's order sustaining the NASD's disciplinary sanctions against Vittor was an "order" within the meaning of section 21(e)(1).

Moreover, we find the Fifth Circuit's decision in *Lang* persuasive. In *Lang*, a private litigant brought suit in federal district court seeking to enforce an NASD restitution order that the SEC affirmed. The court held that the plaintiff's reliance on the jurisdictional grant embodied in section 27 as the statutory basis for his private enforcement suit was misplaced. In so concluding, the court noted that "[s]ection 21(e)(1), ... expressly vests only the SEC with authority to apply to the district court for orders commanding compliance with the SEC's orders." *Lang*, 154 F.3d at 223. The plaintiff asked the court to infer from the language of section 27 a parallel authority for private litigants to apply to the district court for enforcement of SEC orders. The court found that "[s]uch an inference is implicitly foreclosed, though, by the plain language of section 21(e)(1), which names the SEC as the only authorized applicant for judicial enforcement of SEC orders." *Id.* The court viewed section 21(e)(1) "as manifesting a congressional intent to reserve exclusively to the SEC the authority to seek district court enforcement of such orders." *Id.* Thus, as the *Lang* court found, under the plain language of section 21(e)(1), the SEC may apply to the district court for an order enforcing the SEC's affirmance of NASD sanctions. *See also SEC v. McCarthy*, 322 F.3d 650 (9th Cir.2003).

### 2. *Application of section 21(f)—Statutory Exceptions*

 Vittor argues that if this court determines that the SEC's affirmance of

the NASD's sanctions was an "order" within the meaning of section 21(e)(1), then we must decide whether the SEC's action is subject to the limits of section 21(f). That provision permits the SEC to initiate an action against violators of the NASD rules only if the NASD is unable or unwilling to do so, or an SEC action is otherwise necessary or appropriate for the public interest or for the protection of investors. 15 U.S.C. § 78u(f). The district court concluded that section 21(f) did not apply in this case. Vittor contends that the district court's analysis is contrary to well-established principles of statutory construction.

We agree with the district court and conclude that section 21(f) has no application here. This section applies only when the SEC initiates its own enforcement "action ... for violation of, or to command compliance with, the rules of a self-regulatory organization." 15 U.S.C. § 78u(f). In the present case, the SEC did not bring its own action against Vittor for alleged violations of NASD rules. Instead, pursuant to section 21(e)(1), the SEC made application to the district court for an order to compel compliance with an SEC order sustaining an NASD disciplinary action. Although Vittor contends that the district court's characterization of section 21(f) is "overly technical," the SEC asserts that the plain language of the statute makes it clear that section 21(f) limits only a part of section 21(e).

Section 21(e) distinguishes between (i) SEC applications for orders commanding compliance with SEC orders and (ii) SEC actions to compel compliance with "the rules of a national securities exchange or registered securities association." 15 U.S.C. § 78u(e). Section 21(f) limits only original SEC actions to enforce compliance with SRO rules. The limitation in section 21(f) clearly refers back only to that part of section 21(e) that concerns "the rules of

a national securities exchange or registered securities association," that is, the rules of an SRO. By permitting the SRO's to bring original actions to enforce their rules, section 21(f) promotes efficiency in preserving the SEC's resources. *Otto v. SEC*, 253 F.3d 960, 964 (7th Cir.), *cert. denied*, 534 U.S. 1021, 122 S.Ct. 548, 151 L.Ed.2d 425 (2001) (stating that "because the SEC lacks the resources to police the entire securities industry, it relies on participants in the markets to govern themselves"). Accordingly, we hold that section 21(f) does not apply to SEC orders sustaining NASD fines and restitution orders.[2]

For the foregoing reasons, we affirm the district court's order commanding Vittor to comply with the SEC's decision affirming the NASD's sanctions against him.

AFFIRMED.

BLACK, Circuit Judge, concurring in part and dissenting in part:

I concur with the court's interpretation of 15 U.S.C. § 78u(e). I respectfully disagree, however, with the court's interpretation of 15 U.S.C. § 78u(f) (§ 21(f)).[1] The language of § 21(f) does not limit its applicability to independent actions by the SEC to enforce the rules of a SRO where the SRO has failed to enforce its own rules. Rather, it applies to "*any action* [brought by the SEC] pursuant to subsection (d) or (e) of this section against any person for violation of, or to command compliance with, the rules of a self-regulatory organization...." 15 U.S.C. § 78u(f) (emphasis added). While it may be true that § 21(e) acknowledges a distinction between independent SEC actions to enforce the rules of a SRO and SEC actions to enforce a previous SEC order, § 21(f) can apply to either type of action. As long as the purpose of the SEC action to enforce a previous SEC order is to command compliance with the rules of a SRO, § 21(f) limits the SEC's ability to bring the action in federal court.

In this case, the SEC's prior order upheld the NASD's disciplinary judgments against Vittor and instructed Vittor to comply with the penalties imposed. Vittor failed to do so. The SEC brought the instant action to command compliance with its order. By seeking enforcement of its order, the SEC sought to command Vittor to comply with the rules of the NASD. This is precisely the type of SEC action limited by § 21(f). The district court should have permitted the SEC's action only if the SEC satisfied the requirements of § 21(f), either by demonstrating the NASD was unable or unwilling to take appropriate action against Vittor, or by demonstrating SEC intervention was necessary or appropriate in the public interest or for the protection of investors. I would remand this case for further consideration

**2.** We observe from the record that the district court did not consider whether the SEC has to meet either exception to section 21(f). Because we conclude that section 21(f) does not apply to SEC orders sustaining NASD fines and restitution orders, we will also refrain from considering this issue.

**1.** We have found no cases in which an appellate court has considered the applicability of § 21(f) to SEC actions to enforce orders affirming a SRO's disciplinary judgment. In fact, not until 1998 did any appellate court rule on the SEC's ability to invoke federal jurisdiction under § 21(e) to enforce a SEC order. *See Lang v. French*, 154 F.3d 217 (5th Cir.1998) (finding the SEC had the authority under § 21(e) to seek enforcement of an order, but not addressing the effect of § 21(f) on the SEC's action). This was over 20 years after the enactment of § 21(f) and the relevant portions of § 21(e). *See* Securities Acts Amendments of 1975, Pub.L. No. 94–29, § 17, 89 Stat. 154 (1975).

of whether the SEC satisfied either of these requirements.

Furthermore, reading § 21(f) to apply to SEC actions to enforce previous SEC orders promotes consistency within the statutory scheme of § 21. To illustrate this, we need look no further than the facts of this case. Had Vittor not appealed the NASD's judgment, the SEC would not have had an opportunity to issue an order compelling him to comply with the NASD's decision. Had the SEC not issued an order, § 21(f) would clearly limit the SEC's ability to bring an independent action against Vittor to enforce the NASD's rules. By interpreting § 21(f) only to apply to independent SEC actions, we create an incentive not to appeal a disciplinary decision by the NASD to the SEC, or, at the very least, we toss NASD members subjected to discipline on the horns of a dilemma.[2] If we, on the other hand, apply § 21(f) to SEC actions to enforce SEC orders, NASD members could seek relief within the statutory scheme without immediately subjecting themselves to federal court jurisdiction. The NASD, the SEC, and the courts would be compelled to treat NASD members consistently.

The court's decision not only reads a distinction into § 21(f) that is not in the statutory text, but it also creates a statutory scheme that treats NASD members inconsistently depending on whether they choose to appeal a NASD disciplinary judgment to the SEC. I therefore re-

spectfully dissent from the court's interpretation of § 21(f).

---

2. The enforcement mechanisms available to the NASD are limited. The NASD can internally enforce certain disciplinary judgments, such as suspensions or revocations of NASD memberships, but it has no means by which to enforce a monetary fine or restitution order like the one entered against Vittor. Only the courts are capable of enforcing such an order. This is the crux of the dilemma. Under the court's interpretation of § 21(f), Vittor must

choose between (1) declining to appeal the NASD judgment entered against him, but forcing the SEC to satisfy the requirements of § 21(f) to seek enforcement of the judgment in federal court, or (2) appealing the negative judgment to the SEC, but permitting the SEC to seek judicial enforcement of the NASD judgment without satisfying the requirements of § 21(f).