**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 3 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

RICHARD L. MILLER,

        Petitioner-Appellant,

v.

E. J. GALLEGOS,

        Respondent-Appellee.

_____

IVON ERNEST YATES,

        Petitioner-Appellant,

v.

E. J. GALLEGOS, Warden,

        Respondent-Appellee.

_____

RAYMOND P. BATES,

        Petitioner-Appellant,

v.

E. J. GALLEGOS,

        Respondent-Appellee.

_____

No. 04-1117
(D.C. No. 03-F-1769 (BNB))
(D. Colo.)

No. 04-1118
(D.C. No. 03-F-1760 (MJW))
(D. Colo.)

No. 04-1119
(D.C. No. 03-F-2109 (PAC))
(D. Colo.)

ROBBI STANSBERRY,

      Petitioner-Appellant,

v.

E. J. GALLEGOS,

      Respondent-Appellee.

_____

ERICK THOMAS REDDOG,

      Petitioner-Appellant,

v.

E. J. GALLEGOS, Warden,

      Respondent-Appellee.

No. 04-1120
(D.C. No. 03-F-2041 (BNB))
(D. Colo.)

No. 04-1141
(D.C. No. 03-F-2230)
(D. Colo.)

---

**ORDER AND JUDGMENT** [*]

---

Before **EBEL**, **BALDOCK**, and **KELLY**, Circuit Judges.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate records, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

Petitioners are federal prisoners found ineligible for a reduction in sentence available, at the discretion of the Bureau of Prisons (BOP), to nonviolent offenders who successfully complete a residential substance abuse treatment program under 18 U.S.C. § 3621(e). [2] They filed these actions, properly deemed habeas petitions under 28 U.S.C. § 2241, to challenge the validity of the BOP regulation under which they were denied eligibility. The district court held that though an interim version may have been invalid under the Administrative Procedures Act (APA) for noncompliance with notice and comment procedures, *see* 5 U.S.C. § 553, the regulation had been properly finalized before its application to petitioners (none of whom had entered the program when the final regulation became effective). The court therefore denied relief. Petitioners now appeal, and specifically request that the case be remanded for further evidentiary proceedings. We deny this request and affirm.

---

[2] The statute provides in relevant part that "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a [substance abuse] treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." 18 U.S.C. § 3621(e)(2)(B).

The regulation in question is codified at 28 C.F.R. § 550.58(a)(1).  The APA issues raised by the manner in which the interim version of this regulation was proposed in 1997 are addressed in *Bohner v. Daniels*, 243 F. Supp. 2d 1171, 1174-77 (D. Ore. 2003), which the district court relied on in assuming that the interim regulation was invalid.  *See also Lopez v. Davis*, 531 U.S. 230, 244 n.6 (2001) (declining to address procedural challenge to interim regulation based on violation of APA notice and comment requirements while upholding regulation against substantive challenge to eligibility exclusions).  We agree with the district court that the APA issues relating to the interim regulation are not dispositive here and, therefore, we express no opinion on the regulation's procedural validity in 1997.  As the government notes, the interim regulation was finalized on December 22, 2000, *see* 65 Fed. Reg. 80745, and it is this version that in our view governs the disposition of these appeals.

In light of the history of § 550.58(a)(1), the district court appropriately considered "whether an interim regulation, found invalid for non-compliance with the advance publication and notice requirements of the APA, can become valid as a final regulation after the passage of time and the completion of the comment period required by the APA."  Dist. Ct. Order filed March 11, 2004, at 17-18. The court ultimately concluded that the final version of the regulation (which is the same as the interim version) either "superseded the interim regulation" or at

least cured any procedural deficiencies associated with its origination, and "[u]nder either mode of analysis, the application of the BOP regulation to the petitioners after December 2000 is valid." *Id.* at 20.

On appeal, petitioners do not challenge the district court's legal analysis, but focus on what they insist was its erroneous factual assumption that the BOP relied on the finalized version of § 550.58(a)(1) when it found them ineligible for the statutory sentence reduction. They "maintain that they were in fact 'designated' by the BOP under the 1997 interim regulation" as shown by "recently obtained documentary evidence from the BOP's own files," and seek a "limited remand to the district court to afford it the opportunity to reconsider its Order based on the true facts." Combined Motion for Limited Remand with Declarations (Aplt. Br.) [3] at 4.

Attached to the financial declarations filed with petitioners' motion for remand are "Notice of Residential Drug Abuse Program Qualification and Provisional § 3621(e) Eligibility" and "Notification of Instant Offense Determination" forms completed in association with their requests to participate in the residential drug treatment program. These forms are attachments to the BOP program statement dealing with prison drug abuse programs, *see* PS 5330.10

---

[3] By order filed July 13, 2004, this court granted petitioners' request to deem their combined motion for remand as their opening brief. They have submitted no additional briefing on the issues raised by these appeals.

(attachments J & N), which was last modified by a Change Notice issued in conjunction with the interim version of § 550.58(a)(1) in 1997. *See* PS 5330.10, CN-03 (October 9, 1997). The BOP forms continue to reference this most recent revision of the program statement, but that does not mean petitioners' applications were assessed under the procedurally questioned 1997 interim regulation. On the contrary, the information on the completed forms confirms what the government's affidavits state, that petitioners applied and were put on a waiting list for the drug program at various times in 2002-2003, were notified of their ineligibility for the sentence reduction, and then actually enrolled in 2003 – all well after the interim regulation became final. In light of these established facts, which are fully consistent with the district court's unchallenged legal analysis, there is no basis for the requested remand.

Petitioners attempt to buttress their request for remand by asserting that it "would also allow the district court to consider an issue which should have been considered when dealing with [their] claims as they are pro se," namely, their newly raised allegation that they all pled guilty on the understanding that they would be eligible for a § 3621(e) sentence reduction and that this expectation has been frustrated by application of the regulation and program statement discussed above. Aplt. Br. at 5. Actually, there are very good reasons why this issue should *not* have been considered in conjunction with the APA objection addressed by the

-6-

district court. No plea challenge was asserted in petitioners' pleadings, nor did the district judge have any direct knowledge of their underlying criminal proceedings even to suggest such an issue. Indeed, petitioners were all convicted outside the federal district of Colorado and, therefore, any challenge to their pleas would not have fallen within the jurisdiction of the district court. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10 th Cir. 1996) (explaining that in contrast to § 2241 petition, which concerns execution of sentence and thus "must be filed in the district where the prisoner is confined," § 2255 motion concerns validity of conviction and sentence and thus "must be filed in the district that imposed the sentence").

Petitioners have submitted a Fed. R. App. P. 28(j) letter citing *Blakely v. Washington*, 124 S. Ct. 2531 (2004), which, without further explanation, they state "is far-reach[ing] and should affect the outcome of this action." F.R.A.P. 28(j) Supplementary Authority filed July 20, 2004. They have not, however, filed "a Motion for Post-Submission Consideration, nor did [they] seek permission to file a brief properly raising the *Blakely* issue," so we need not consider it. *United States v. Lindsey*, 389 F.3d 1334, 1335 n.1 (10 th Cir. 2004). In any event, as *Blakely* concerns procedural requirements regarding a trial court's imposition of sentence, while the instant actions concern BOP directives regarding execution of sentence, the supplemental authority has no relevance here.

Finally, we note that four of the five petitioners have sought leave to appeal in forma pauperis. In light of our discussion above, we conclude that they have failed to demonstrate the existence of a reasoned, non-frivolous argument in law or fact in support of their appeals and, accordingly, we deny them leave to proceed in forma pauperis and dismiss their appeals pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). *See Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10 th Cir. 1999). Petitioner Bates, however, paid the appellate filing fee in full at the outset, rendering § 1915(e)(2) inapplicable, and therefore in his case "it [is] "appropriate to affirm the district court's judgment rather than dismiss the appeal." *Stafford v. United States*, 208 F.3d 1177, 1179 n.4 (10 th Cir. 2000).

The judgment of the district court is AFFIRMED and appellants' motion for remand is DENIED. The motions for leave to appeal in forma pauperis filed by appellants Miller, Yates, Stansberry, and Reddog are DENIED and their appeals, Nos. 04-1117, 04-1118, 04-1120, and 04-1141, are DISMISSED.

Entered for the Court

David M. Ebel
Circuit Judge