*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 06a0374p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

SECURITIES AND EXCHANGE COMMISSION,

*Plaintiff-Appellee,*

*v.*

No. 05-1762

KEITH L. MOHN,

*Defendant-Appellant.*

---

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 04-74427—George C. Steeh, District Judge.

Argued: September 22, 2006

Decided and Filed: October 12, 2006

Before: SILER, CLAY, and BALDOCK, Circuit Judges.[*]

---

## COUNSEL

**ARGUED:** Jack J. Mazzara, THE MAZZARA LAW FIRM, Grosse Pointe Woods, Michigan, for Appellant. Thomas J. Karr, SECURITIES AND EXCHANGE COMMISSION, Washington, D.C., for Appellee. **ON BRIEF:** Jack J. Mazzara, Lanalee C. Farmer, THE MAZZARA LAW FIRM, Grosse Pointe Woods, Michigan, for Appellant. Thomas J. Karr, Kathleen Cody, SECURITIES AND EXCHANGE COMMISSION, Washington, D.C., for Appellee.

---

## OPINION

---

CLAY, Circuit Judge. Defendant, Keith L. Mohn, appeals a district court order granting the application of Plaintiff Securities and Exchange Commission ("SEC") for enforcement of its order affirming sanctions levied against Defendant by the National Association of Securities Dealers ("NASD"), pursuant to the Securities and Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78a *et seq.* The district court found that Exchange Act § 21(e), 15 U.S.C. § 78u(e)(1), authorized the SEC to file an application for an enforcement order, and that the order was not precluded by § 21(f), 15 U.S.C. §78u(f), or barred by the statute of limitations as set forth by 28 U.S.C. § 2462.

For the following reasons, we **AFFIRM** the district court's decision.

---

[*] The Honorable Bobby R. Baldock, Circuit Judge of the United States Court of Appeals for the Tenth Circuit, sitting by designation.

## BACKGROUND

Defendant was an investment broker and dealer with John Hancock Distributors, Inc. and John Hancock Mutual Life Insurance Co. ("brokerage firms"). (Joint Appendix ("J.A.") at 26.) Defendant and both brokerage firms are members of the NASD, a securities association registered with the SEC. Defendant's wife was also a registered representative in the securities industry. *Id.* Defendant directly solicited customers to purchase limited partnership interests sponsored by Citi Equity Group, Inc. and arranged for his wife to effectuate the transactions through a third-party firm. *Id.* The brokerage firms neither knew of nor approved these transactions. *Id.*

On January 30, 1998, the NASD Business Conduct Committee ("Committee") found Defendant to be in violation of NASD Conduct Rules for participating in private securities transactions without prior notice to, and approval of, his brokerage firms. (J.A. at 26.) Defendant was censured, barred from association with any NASD-member firm in any capacity, and fined $56,377.50. *Id.* His appeal to the NASD National Adjudicatory Council ("Council") affirmed the Committee's findings and sanctions on January 22, 1999. *Id.* The Council added $750.00 to Defendant's fine for appeal costs, thereby increasing the total fine to $57,127.50. *Id.* Defendant appealed the NASD's final decision to the SEC, pursuant to the SEC's adjudicatory oversight authority over national securities associations under Exchange Act § 19(f), 15 U.S.C. § 78s(f). (J.A. at 11.) By order dated November 16, 1999, the SEC affirmed the NASD's censure and bar, but reduced Defendant's fine to $54,905.50. *Id.* Defendant did not appeal the SEC's order.[1]

On November 12, 2004, the SEC filed an application with the United States District Court for the Eastern District of Michigan, pursuant to Exchange Act § 21(e), 15 U.S.C. § 78u(e)(1), for enforcement of its November 16, 1999 order affirming the NASD judgment against Defendant, alleging that the fine levied against Defendant remained outstanding. (J.A. at 3-9.) The district court granted the enforcement application in an opinion and order dated April 7, 2005. (J.A. at 94-95.)

## DISCUSSION

### I.     Standard of Review

Whether the SEC's application to the district court for enforcement of its order is authorized under Exchange Act § 21(e), precluded by §21(f), 15 U.S.C. §78u(f), or barred by the statute of limitations in 28 U.S.C. § 2462, is a question of statutory interpretation that this Court reviews *de novo*.[2]  *See United States v. Wagner*, 382 F.3d 598, 606-07 (6th Cir. 2004).

### II.     Exchange Act §21(e) Authorizes the SEC to Apply for Enforcement of its Orders

#### 1.     Statutory Framework

The NASD is a self-regulating, national securities association registered with the SEC. The SEC exercises broad supervisory authority over the NASD, but the NASD is responsible for enforcing securities laws and its own conduct rules against its member companies and their

---

[1]Defendant does not and cannot appeal the affirmance of the NASD sanction because he failed to appeal the SEC order. *See* 15 U.S.C. § 78y(a)(1).

[2]The SEC concedes that *de novo* review is appropriate. (Gov't Br. 8.) Since the Exchange Act does not appear to provide the SEC with interpretive discretion over Exchange Act § 21(e) and the SEC has not promulgated any official interpretations of the provision, *de novo* review is appropriate under *United States v. Mead*, 533 U.S. 218 (2001), and *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984).

employees. 15 U.S.C. § 78s(b). Any person or company subject to NASD disciplinary action may seek review with the SEC pursuant to Exchange Act § 19(d)(2). 15 U.S.C. § 78s(d)(2). In turn, any person aggrieved by an SEC order may appeal to the appropriate United States court of appeals. 15 U.S.C. § 78y(a)(1).

In addition to serving an appellate role over NASD actions, the SEC may also directly enforce national securities laws and NASD rules by filing complaints against alleged violators in district court pursuant to Exchange Act § 21(d), 15 U.S.C. § 78u(d). In pertinent part, § 21(d) provides that

> [w]henever it shall appear to the [SEC] that any person is engaged or is about to engage in acts or practices constituting a violation of any provision of this chapter, the rules or regulations thereunder, the rules of a national securities exchange or registered securities association of which such person is a member . . . it may in its discretion bring an action in the proper district court . . . to enjoin such acts or practices, and upon a proper showing a permanent or temporary injunction or restraining order shall be granted without bond.

15 U.S.C. §78(u)(1). The SEC may pursue both injunctive relief and civil monetary penalties. *Id.* The SEC may also seek a mandamus in a district court to enforce the Exchange Act and the rules and orders issued thereunder. Exchange Act § 21(e), 15 U.S.C. § 78u(e). More specifically,

> [u]pon application of the [SEC] the district courts . . . shall have jurisdiction to issue writs of mandamus, injunctions, and orders commanding . . . any person to comply with the provisions of this title, the rules, regulations, and orders thereunder, [or] the rules of a national securities exchange or registered securities association of which such person is a member . . . .

15 U.S.C. § 78u(e)(1). The SEC's authority under Exchange Act § 21(e) is constrained by provisions in § 21(f), 15 U.S.C. § 78u(f). The SEC may not

> bring any action pursuant to subsection (d) or (e) of this section against any person for violation of, or to command compliance with, the rules of a self-regulatory organization . . . unless it appears to the [SEC] that (1) such self-regulatory organization . . . is unable or unwilling to take appropriate action against such person in the public interest and for the protection of investors, or (2) such action is otherwise necessary or appropriate in the public interest or for the protection of investors.

15 U.S.C. § 78u(f).

### 2.     The Plain Language of Exchange Act § 21(e) Authorizes the SEC to Seek Judicial Enforcement of All Orders

Defendant contends that Exchange Act § 21(e) does not empower the SEC to seek enforcement of the NASD order of January 22, 1999 because § 21(e) empowers the SEC to enforce orders issued only in connection with its direct enforcement activities and not orders issued in connection with its appellate authority over the NASD under Exchange Act § 19. He argues that the SEC has separate and distinct roles under Exchange Act §§19 and 21. Section 19(d)(2) authorizes the SEC to serve an appellate role over NASD disciplinary actions, while § 21(d) empowers the SEC to directly enforce national securities laws and NASD rules. Defendant

maintains that § 21(e) does not authorize the SEC to seek enforcement of orders issued pursuant to the SEC's appellate role under § 19 because the mandamus provision of § 21(e) is structurally separate from the SEC's appellate powers. (Def. Br. 10-12.) Defendant contends that Congress empowered the SEC to seek mandamus for enforcement of its orders under § 21(e), but did not include a similar provision in § 19. Defendant maintains that the Court should interpret the Exchange Act as precluding the SEC from seeking a mandamus in a district court for enforcement of orders issued pursuant to its appellate authority under § 19, in accordance with the maxim *inclusio unius est exclusio alterius.*

The Court finds that Defendant's contentions are unpersuasive because they ignore the plain language of Exchange Act § 21(e) and seek to create a structural separation in the Exchange Act which simply does not exist. Exchange Act § 21(e) expressly empowers the SEC to solicit "writs of mandamus, injunctions, and orders commanding [] any person to comply *with the provisions of this title*, the rules, regulations, *and orders thereunder* [or] the rules of a national securities exchange or registered securities association of which such person is a member." 15 U.S.C. § 78u(e) (emphasis added). The reference to "this title" in this provision implicates the entire Exchange Act, and permits the SEC to apply to the district court for enforcement of orders issued pursuant to any section in the Exchange Act, not just direct enforcement activities under § 21. Therefore, Exchange Act § 21(e) simply does not differentiate between orders issued under § 21 and orders issued under § 19.

Three circuit courts of appeals have had the opportunity to rule on the use of Exchange Act § 21(e) to enforce SEC orders which affirm NASD disciplinary rulings, and all three courts have held that the SEC may use § 21(e) for applications to enforce orders originally issued pursuant to the SEC's appellate authority under § 19. *See SEC v. Vittor*, 323 F.3d 930, 934 (11th Cir. 2003) ("[W]e conclude that the SEC's order sustaining the NASD's disciplinary sanctions was unquestionably an order [enforceable under § 21(e)]."); *SEC v. McCarthy*, 322 F.3d 650, 655 (9th Cir. 2003) ("The [SEC] does not lose standing to enforce its orders in district court simply because it fulfills an appellate function, rather than one of direct enforcement or regulation, in making such an order."); *Lang v. French*, 154 F.3d 217, 222 (5th Cir. 1998) ("Inasmuch as the SEC's affirmance, *by order*, of sanctions imposed by the NASD operates as an 'order' to the same degree and in the same fashion as do orders issued by the agency pursuant to its own enforcement initiatives, [§ 21(e)] indisputably endows district courts with the enforcement authority at issue in this case."). In addition, the Third Circuit – in a case concerning the SEC's authority to seek judicial enforcement of its orders, but that did not involve the NASD – has also found that Exchange Act § 21(e) empowers the SEC to obtain judicial relief in district court against a defendant who fails to comply with a SEC order. *See SEC v. J.W. Barclay & Co., Inc.*, 442 F.3d 834, 844 (3d Cir. 2006). Moreover, numerous district courts have also found that the plain language of Exchange Act § 21(e) empowers the SEC to apply for enforcement of orders issued pursuant to the SEC's appellate function under § 19. *See, e.g.*, *SEC v. Pinchas*, 421 F. Supp. 2d 781, 783 (S.D.N.Y. 2006); *SEC v. Peta*, No. 1:00 CV 1437 (N.D. Ohio Sept. 26, 2000) (enforcing order affirming NASD-imposed sanctions upon SEC's §21(e) application). In the instant case, the Court reaches the same conclusion found in these well-reasoned opinions – namely, that the plain language of § 21(e) empowers the SEC to apply to the district court for enforcement of all orders issued pursuant to the Exchange Act.

III.    **Exchange Act § 21(f) Does Not Preclude the SEC's Application for Enforcement of its Order**

Defendant argues that even if the Court were to conclude that Exchange Act § 21(e) authorizes the SEC to seek enforcement of its orders in district court, the language of § 21(f) precludes the SEC from doing so in the instant case. Section 21(f) is designed to prevent the SEC from usurping NASD's self-regulatory role and provides that the SEC may not

> bring any action pursuant to subsection (d) or (e) of this section against any person for violation of, or to command compliance with, the rules of a self-regulatory organization unless it appears to the [SEC] that (1) such self-regulatory organization is unable or unwilling to take appropriate action against such person in the public interest and for the protection of investors, or (2) such action is otherwise necessary or appropriate in the public interest or for the protection of investors.

15 U.S.C. § 78u(f).  Defendant argues that this provision limits the SEC's ability to bring direct enforcement proceedings under § 21(d) and to seek a mandamus under § 21(e) for enforcement of orders issued in its appellate role pursuant to § 19.  (Def. Br. 17.)  More specifically, Defendant contends that the conditions set forth in § 21(f) have not been met – namely, there is no indication that the NASD is unwilling or unable to enforce its own decision, and there is no allegation that this litigation is necessary to protect the public interest.  (Def. Br. 18.)

Section § 21(f) expressly applies only to the SEC's authority to enforce compliance with NASD rules under § 21, but does not restrict the SEC's ability to apply for enforcement of its own orders under § 21.  In the instant case, the SEC's application for enforcement to the district court was not for compliance with NASD rules, but to enforce its own order under § 21.  The Eleventh Circuit has found § 21(f) inapplicable to SEC applications to enforce its own previously issued orders.  *See Vittor*, 323 F.3d at 935.  This Court reaches the same conclusion as the Eleventh Circuit in *Vittor* and finds that § 21(f) does not preclude the SEC's application for an enforcement order.

Moreover, adopting Defendant's approach would undermine the purpose of § 21(f).  Section 21(f) prevents the SEC from usurping the NASD's self-regulating role.  In the instant case, the NASD fulfilled its self-regulatory role by taking disciplinary action against Defendant.  The SEC's application for judicial enforcement promotes the NASD's authority to pronounce judgment against its members by requiring that Defendant satisfy the judgment issued against him.  Since Defendant has already demonstrated that he is not willing to pay the fine voluntarily, (J.A. at 3-9), the district court's order will permit the NASD to collect the fine levied against Defendant.  *See* Fed. R. Civ. P. 71 (permitting enforcement of orders made in favor of third parties by those third parties).  Since the ability to pursue collection actions is a key component of a self-regulatory regime, the SEC's application for an enforcement order cannot be construed as usurping the NASD's self-regulating role.

## IV.     The Statute of Limitations in 28 U.S.C. § 2462 Does Not Bar the SEC's Application for an Enforcement Order

Defendant contends that 28 U.S.C. § 2462 bars the SEC's application to enforce its prior order.  (J.A. at 59.)  In pertinent part, § 2462 provides that:

> an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued . . . .

28 U.S.C. § 2462. This general, five-year statute of limitations provision applies to government actions to enforce administratively assessed penalties.[3] *See, e.g., Johnson v. SEC*, 87 F.3d 484, 492 (D.C. Cir. 1996) (finding that 28 U.S.C. § 2462 applies to an action under Exchange Act § 15(b)); *SEC v. Caserta*, 75 F. Supp. 2d 79, 89 (E.D.N.Y. 1999) (finding that 28 U.S.C. § 2462 applies to SEC civil penalty claims); *United States v. Meyer*, 808 F.2d 912, 914 (1st Cir. 1987) (applying § 2462 to an action under 8 U.S.C. § 801 *et seq.*); *cf. Mullikin v. United States*, 952 F.2d 920, 929 (6th Cir. 1991) (evaluating whether 28 U.S.C. § 2462 applies in actions to collect already assessed tax penalties). In applying the statue of limitations against the government, however, "the statute of limitations must receive a strict construction in favor of the government." *Id.* at 926.

The parties agree that a claim accrues and the period of limitations begins to run on any collection proceeding to which § 2462 applies once the underlying administrative action establishing liability becomes final. *See, e.g.*, *Meyer*, 808 F.2d at 914; *Crown Coat Front Co. v. United States*, 386 U.S. 503, 513-14 (1967) (holding that statute of limitations for bringing suit to contest administrative ruling does not commence until administrative ruling becomes final). However, the parties disagree as to when the SEC's claim accrued for purposes of 28 U.S.C. § 2462. Defendant argues that the SEC's claim accrued when the NASD issued its final disciplinary order on January 22, 1999, and that the statute of limitations was not tolled during his appeal to the SEC because the appellate proceedings did not impose any independent fine or assessment. (Def. Br. 20-21.)

Defendant's argument is contrary to the general understanding of finality in administrative proceedings.[4] "A cause of action 'accrues' when a suit may be maintained thereon . . . ." *Black's Law Dictionary* 21 (6th ed. 1990). Admittedly, the January 22, 1999 order operated as the NASD's "final" order. However, the administrative proceeding against Defendant was not final until he either exhausted or ceased to pursue his administrative appeals. In the instant case, the liability proceeding against Defendant was not final on January 22, 1999, because he chose to pursue an appeal as of right to the SEC. The SEC simply had no order to enforce until it issued the November 16, 1999 order affirming the NASD sanctions. Therefore, the underlying administrative action adjudging liability was not final until at least November 16, 1999, the date of the SEC order. Since the SEC applied for enforcement of its order on November 12, 2004, four days within the five-year period of limitation, this action is timely.

## CONCLUSION

Exchange Act § 21(e) empowers the SEC to apply to the district court for enforcement of an SEC order affirming NASD sanctions under § 19. The SEC's application for an enforcement

---

[3] For its part, the SEC relies on *United States Dep't of Labor v. Old Ben Coal Co.*, 676 F.2d 259 (7th Cir. 1982), for the proposition that 28 U.S.C. § 2462 does not apply to collection proceedings. (Gov't Br. 18-19.) In the Seventh Circuit, district courts have cited *Old Ben Coal* for the proposition that the statute of limitations in § 2462 begins to run for collection actions once the underlying administrative proceeding adjudicating liability becomes final, impliedly holding that *Old Ben Coal's* alternative finding – that 28 U.S.C. § 2462 does not apply to collection actions – is no longer good law. *See, e.g.*, *United States v. Serfilco, Ltd.*, No. 98-C-2490, 1998 U.S. Dist. LEXIS 14478, at *4-5 (N.D. Ill. Sept. 11, 1998). Moreover, the notion that § 2462 does not apply to collection actions is contrary to the plain language of the statute and the overwhelming majority of case law. *See United States v. Godbout-Bandal*, 232 F.3d 637, 640 (8th Cir. 2000); *United States v. Great Am. Veal*, 998 F. Supp. 416, 424 (D.N.J. 1998); *United States v. McCune*, 763 F. Supp. 916, 918 (S.D. Ohio 1989); *cf. Mullikin v. United States*, 952 F.2d 920, 929 (6th Cir. 1991).

[4] Were the "final" order of the NASD to commence the five-year statute of limitations under § 2462 for the SEC enforcement action, as Defendant argues, a defendant could subvert the authority of both the NASD and SEC by withholding payment and pursuing appeals. The combination of an appeal to the SEC, a subsequent appeal to a United States court of appeals, and a request for certiorari to the Supreme Court could easily consume the entire five-year statute of limitations following an NASD decision. This simply cannot be the intent of the statute.

order is not precluded by 15 U.S.C. §78u(f) or barred by the statute of limitations set forth in 28 U.S.C. § 2462.

For the foregoing reasons, we **AFFIRM** the district court's decision.