**UNITED STATES SECURITIES AND EXCHANGE COMMISSION,**
Plaintiff,

v.

**Daniel R. HOWARD, Defendant.**

**Civil Action No. 07–11302–NMG.**

United States District Court,
D. Massachusetts.

Aug. 12, 2008.

Joseph J. Brodigan, Brodigan & Gardiner, Boston, MA, Lawrence R. Gelber, Brooklyn, NY, for Defendant.

Kenya M. Gregory, Securities & Exchange Commission, Thomas J. Karr, Office of General Counsel, Washington, DC, for Plaintiff.

## MEMORANDUM & ORDER

GORTON, District Judge.

The Securities and Exchange Commission ("SEC") seeks an order of this Court directing compliance with its own order upholding a fine imposed on the defendant by the National Association of Securities Dealers ("NASD"). Also before the Court is a motion of counsel for the defendant to withdraw as attorneys.

### I. *Background*

The material facts of this case are not in dispute. The defendant, Daniel R. Howard ("Howard"), was fined by the NASD, which has since changed its name to the Financial Industry Regulatory Authority, in the amount of $28,484.25 for improper recommendations to his clients and reporting violations. Howard's appeal of that fine to the SEC was unsuccessful and, on July 26, 2002, the SEC entered an order affirming the NASD's imposition of the fine. After Howard failed to pay the fine for nearly five years, the SEC brought a summary action in this Court pursuant to § 21(e) of the Securities and Exchange Act of 1934 ("the Act"), 15 U.S.C. § 78u(e). That section permits the SEC to enforce its orders in federal district court. *See Securities and Exchange Commission v. Pinchas,* 421 F.Supp.2d 781 (S.D.N.Y. 2006).

### II. *Analysis*

#### A. Motion for Order

■ The SEC's motion for an order directing compliance with its order presents a very simple argument. Section 21(e) of the Act provides that

upon application of the [SEC], the district courts of the United States ... shall have jurisdiction to issue ... orders commanding (1) any person to comply with orders ... [issued under the Exchange Act].

15 U.S.C. § 78u(e)(1). The SEC issued an order pursuant to the Act on July 26, 2002, which affirmed the NASD's imposition of a fine on Howard. It now seeks an order of this Court directing compliance with its order as the statute provides.

In opposition to the SEC's motion, Howard asserts that § 21(f) of the Act limits the application of § 21(e). Section 21(f) prohibits the SEC from bringing any action pursuant to § 21(e) for a violation of the rules of a self-regulatory organization, i.e., the NASD, with two exceptions. That contention relies heavily on the dissenting opinion in *United States Sec. and Exch. Comm'n v. Vittor,* 323 F.3d 930, 936 (11th Cir.2003).

The majority in *Vittor,* faced with a situation very similar to the one before this Court, upheld the district court's issuance of an order directing compliance. It found that the SEC was not enforcing the NASD rules directly but, rather, was enforcing its own order, rendering § 21(f) wholly inapplicable. The dissent contended that to uphold such an order effectively punishes the defendant for pursuing his appeal to the SEC because, had he not appealed his fine to the SEC, it would have no basis upon which to proceed under § 21(e).

This Court finds the reasoning of the *Vittor* majority more persuasive than its dissent. The SEC's motion for an order directing compliance is an action to enforce its own order, unaffected by the limitation of § 21(f). Howard also attempts to distinguish his case from *Vittor* and other cases cited by the SEC on the grounds that his punishment was purely an administrative fine, including no restitution or disgorgement. That distinction is without a difference nor any basis in the law and the motion of the SEC will be allowed.

## B. Motion to Withdraw as Attorneys

Counsel for the defendant asserts that the attorney-client relationship has broken down due to the defendant's persistent failure to communicate with his attorneys or to pay their fees. Howard is an individual capable of representing himself, should the need arise, and the motion to withdraw will be allowed.

### ORDER

In accordance with the foregoing, the application for an order directing compliance with an SEC order (Docket No. 1) and the motion to withdraw as attorney (Docket No. 21) are **ALLOWED.**

**So ordered.**