**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-3998

UNITED STATES OF AMERICA

v.

MARCO PAULO REBELO,
                                    Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Civil No. 01-cv-02120
District Judge:  Honorable Garrett E. Brown, Chief Judge

Submitted Under Third Circuit LAR 34.1(a)
September 17, 2010

Before: SLOVITER, BARRY and SMITH, Circuit Judges

( Filed: September 20, 2010 )

OPINION

BARRY, Circuit Judge

        Marco Paulo Rebelo appeals from the District Court's grant of the government's

motion for summary judgment and his denaturalization.  We will affirm.

I.

Because we write solely for the parties, we discuss only the facts relevant to our analysis.

In May 1995, Rebelo was involved in an altercation with a police officer that led to numerous criminal charges. In June 1995, while those charges were pending, Rebelo applied for naturalization. In his application, Rebelo indicated that he had previously been "arrested." In the required explanation of that arrest, Rebelo wrote: "May 14, 1995 – Disorderly Persons Offense – Charges Dismissed." By signing the application, Rebelo acknowledged, under penalty of perjury, that the contents of his application were true and correct. Rebelo concedes that when he signed the application he "knew that [he] had been arrested," that the pending charges were "more than just a disorderly persons offense," and that the charges "were not dismissed."

In July 1995, Rebelo pled guilty to one count of aggravated assault arising from the May 1995 incident and was sentenced to two years probation. In December 1995, while on probation, Rebelo was granted naturalization. In a declaration, the District Adjudications Officer for the Bureau of Customs and Border Protection (an INS successor entity) who approved Rebelo's naturalization stated that had Rebelo been truthful in his application, he "would not have approved his naturalization application [but r]ather . . . would have scheduled an interview and continued his application for further review." Moreover, had he known of Rebelo's probation, he "would have

recommended that his application for naturalization be denied."

In November 1997, the INS issued a notice of intent to revoke Rebelo's naturalization because he committed a crime of moral turpitude prior to his naturalization application and, thus, lacked good moral character; he was on probation at the time of his naturalization and, accordingly, was ineligible for naturalization pursuant to 8 C.F.R. § 316.10(c)(1); and he procured his naturalization by willfully misrepresenting a material fact. In 1998, the Court of Appeals for the Ninth Circuit declared the administrative denaturalization process invalid. *See Gorbach v. Reno*, 219 F.3d 1087 (9th Cir. 2000) (en banc). Thus, in May 2001, the government initiated a civil denaturalization action against Rebelo in federal court pursuant to 8 U.S.C. § 1451(a), asserting the same grounds for denaturalization it raised in November 1997. In response, Rebelo argued, among other things, that Section 316.10(c)(1) was promulgated in interim final form in violation of the procedural mandates of the Administrative Procedure Act. The District Court disagreed, granted the government's motion for summary judgment, and revoked Rebelo's naturalization after finding him ineligible for naturalization because of his probation and finding that he willfully misrepresented a material fact on his naturalization application. Rebelo timely appealed.[1]

---

[1] The District Court had jurisdiction under 8 U.S.C. § 1451(a). We have jurisdiction under 28 U.S.C. § 1291.

II.

A.

"We exercise plenary review over a grant of summary judgment and apply the same standard used by the District Court." *Smith v. Johnson & Johnson*, 593 F.3d 280, 284 (3d Cir. 2010).  Summary judgment shall be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c)(2).

B.

A threshold issue is whether this civil denaturalization action is time-barred by the "catch-all" statute of limitations of 28 U.S.C. § 2462, which provides that:

> Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued if, within the same period, the offender or the property is found within the United States in order that proper service may be made thereon.

Because the INA does not contain an express period of limitations for initiating denaturalization proceedings, we are presented with the possibility that Section 2462 applies.  Accordingly, Rebelo argues that denaturalization is a "penalty . . . or forfeiture" as the phrase is used in Section 2462.  We disagree.

"[S]tatutes of limitation sought to be applied to bar rights of the Government, must receive a strict construction in favor of the Government." *Badaracco v. Comm'r*, 464

U.S. 386, 391 (1984) (quotation omitted); *accord SEC v. Mohn*, 465 F.3d 647, 654 (6th Cir. 2006) (Section 2462 should be strictly construed in government's favor).

The precise statute of limitations question raised by this appeal is one of first impression. Courts have, however, addressed the statute of limitations as it relates to 28 U.S.C. § 791, Section 2462's predecessor statute which was substantively identical to Section 2462.[2] Interpreting Section 791, the Supreme Court held that "penalty or forfeiture" means "something imposed in a *punitive* way for an infraction of public law." *Meeker v. Lehigh Valley R.R. Co.*, 236 U.S. 412, 423 (1915) (emphasis added). Where, as here, denaturalization serves "as a remedy for citizenship fraudulently obtained," denaturalization "is regarded not as punishment but as a necessary part of regulating naturalization of aliens." *E.B. v. Verniero*, 119 F.3d 1077, 1101-02 (3d Cir. 1997). Thus, a denaturalization action is not an action seeking the enforcement of a penalty or forfeiture, the subject matter of Section 2462.

Instructive in this regard is *United States v. Hauck*, which addressed whether a denaturalization proceeding was time-barred under Section 791. 155 F.2d 141 (2d Cir. 1946). There, in considering the defendants' argument that their denaturalization was time-barred, the Second Circuit bluntly stated: "[r]eliance on 28 U.S.C.A. § 791 as the applicable statute of limitations is a hopeless clutching at straws; that statute is completely

---

[2] 28 U.S.C. § 791 provided that "no suit or prosecution shall be maintained, for any penalty or forfeiture, pecuniary or otherwise, accruing under the laws of the United States" unless the suit "shall be commenced within five years from the time when the penalty or forfeiture accrued."

irrelevant." *Id.* at 143 (stating that statute of limitations argument was "so clearly without merit that [it] may be disposed of summarily"). In light of the strict construction we must afford Section 2462, we hold that the catch-all statute of limitations of 28 U.S.C. § 2462 – like its predecessor – does not apply to denaturalization proceedings brought pursuant to 8 U.S.C. § 1451(a). Thus, this denaturalization action was not time-barred.

B.

In his answer and affirmative defenses, Rebelo contended that 8 C.F.R. § 316.10(c)(1) "was illegally promulgated as an *interim final regulation* without the prior notice and delayed effectiveness required by the Administrative Procedures Act." (A96 (emphasis added).) Rebelo challenges only the procedural validity of Section 316.10(c)(1), not its substance.

Section 316.10 was promulgated as an interim final regulation in 1991. 50 Fed. Reg. 50,475 (Oct. 7, 1991). In February 1995, Section 316.10 was promulgated in final form. *See* 60 Fed. Reg. 6647 (Feb. 3, 1995). Because Rebelo did not apply for naturalization until June 1995, it was the final regulation – not the interim final regulation – that barred his application, and he does not challenge the final regulation.

Assuming *arguendo* the procedural invalidity of the interim final regulation, such invalidity offers Rebelo no relief. *See Paulsen v. Daniels*, 413 F.3d 999, 1008 (9th Cir. 2005) (interim early release regulation only invalid as to those persons affected "by it *prior to* the issuance of the final rule" (emphasis added)); *accord Miller v. Gallegos*, 125

Fed. App'x 934, 936 (10th Cir. 2005). Because the final regulation barred Rebelo's

naturalization, any purported injury is not fairly traceable to the interim final regulation.

Therefore, Rebelo lacked standing to challenge the procedural validity of the interim final

regulation;[3] indeed, he cites no authority to the contrary. Accordingly, we reject his

procedural challenge.[4]

III.

For the foregoing reasons, we will affirm the order of the District Court.

---

[3]Although not raised to the District Court, standing is jurisdictional and not subject to waiver. *See United States v. Hays*, 515 U.S. 737, 742 (1995). We may affirm on any ground supported by the record. *See Hughes v. Long*, 242 F.3d 121, 122 n.1 (3d Cir. 2001).

[4] In light of our holding, we need not address the District Court's alternative ground for revoking Rebelo's naturalization.